398 So.2d 1072 (1981)
The DELTA NATIONAL BANK OF YAZOO CITY
v.
M. G. HOLDER.
No. 80-C-2527.
Supreme Court of Louisiana.
May 18, 1981.
Steven F. Griffith, Destrehan, for plaintiff-relator.
Leon C. Vial, III, Hahnville, for defendant-respondent.
CALOGERO, Justice.
This case involves the denial of a Motion for Summary Judgment filed by plaintiff, Delta National Bank of Yazoo City, against defendant, M. G. Holder, in its suit against defendant to have a Mississippi judgment against this defendant made executory in Louisiana.
The facts as can be drawn from this record appear to be as follows. Holder entered into a contract with Delta National Bank, in Mississippi, for the loan of $7,050.40. Upon default by Holder, Delta instituted suit on the loan against Holder in the County Court of Yazoo County, Mississippi. Personal jurisdiction over the defendant was obtained pursuant to the Mississippi Long Arm Statute.[1] Service of process was effected as required by the statute and judgment was thereafter taken against defendant on June 14, 1978. Defendant did not appeal and the judgment against him became final.
*1073 Upon defendant's failure to satisfy the judgment, plaintiff initiated the present suit against him, in district court in St. Charles Parish, Louisiana, to have the Mississippi judgment made executory and to compel a Judgment Debtor Rule.[2] Defendant attached to his petition an authenticated copy of the Mississippi judgment as required by the Code of Civil Procedure in making a judgment executory. C.Civ.P. art. 2541.[3]
Defendant filed an answer to plaintiff's petition to have the Mississippi judgment made executory, therein asserting the defense that the Mississippi court which rendered the judgment did not have jurisdiction over him. In response, plaintiff filed a Motion for Summary Judgment and attached a copy of the Mississippi judgment and affidavits from the Circuit Clerk, County Clerk and District Court Judge of Mississippi. Defendant failed to reply to the motion and instead chose to rest on his pleadings.
The district court dismissed plaintiff's motion for summary judgment stating, "... the pleadings, in the opinion of the court, indicates (sic) a genuine issue of material fact." The Court of Appeal refused to review the trial court ruling and upon application to this Court writs were granted.
The Louisiana Code of Civil Procedure, Article 966, provides that a plaintiff may make a motion for summary judgment at any time after the filing of the answer, and that mover shall be entitled to judgment in his favor on the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." C.Civ.P. art. 967 further provides that once the Motion for Summary Judgment has been made and supported, an opponent may not simply rest on his pleadings but must come forth with a response setting forth specific facts showing that there is a genuine issue as to material fact. C.Civ.P. art. 967 provides in pertinent part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
In the instant case, plaintiff presented, in his Motion for Summary Judgment and the attachments thereto, specific facts to support his contention that the Mississippi court had jurisdiction over Holder when it rendered the judgment which plaintiff was now seeking to make executory and that the Mississippi judgment was, therefore, valid and enforceable. As stated above, defendant did not respond to plaintiff's motion but rather chose to rest on his pleadings.[4] *1074 Under the explicit provisions of C.Civ.P. arts. 966 and 967, as stated above, the trial court should have rendered judgment on the Motion for Summary Judgment in favor of plaintiff as a result of defendant's failure to file opposing affidavits, depositions or answers to interrogatories, and because there is no genuine issue as to material fact and plaintiff is entitled to judgment as a matter of law.

Decree
For the reasons stated above, the trial court's denial of the Motion for Summary Judgment is reversed; the motion is granted; and the case is remanded for entry of the proper judgment in favor of plaintiff.
REVERSED AND REMANDED.
LEMMON, J., does not take part.
NOTES
[1] The Mississippi Long Arm Statute, found in the Mississippi Code Annotated, Section 13-3-57, provides in pertinent part:

"Any nonresident person ... who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, ... shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract...."
The presumed constitutionality of the Mississippi statute is bolstered by decisions upholding that law in the courts of both the state of Mississippi, Shackelford v. Central Bank of Mississippi, 354 So.2d 253 (Miss. 1978), Jarred Motors, Inc. v. Jackson Auto and Supply Co., 237 Miss. 660, 115 So.2d 309 (1959), and in those of the United States, American International Pictures, Inc. v. Morgan, 371 F.Supp. 528 (N.D.Miss.1974).
[2] Defendant filed a dilatory exception to the cumulation of the action to have the Mississippi judgment made executory with the Judgment Debtor Rule. The exception was sustained and the action for the Judgment Debtor Rule was deleted.
[3] C.Civ.P. art. 2541 provides:

"A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country must bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
A duly authenticated copy of the judgment or decree must be annexed to the petition."
[4] Defendant could have responded to plaintiff's Motion for Summary Judgment with its attachments, by setting forth specific facts showing, for example, that the bank was not a resident of Mississippi, that the contract was not to be performed in whole or in part in Mississippi, or that service of process had not been effected on the Secretary of State as required by the Long Arm Statute. However, defendant chose not to respond at all.