481 So.2d 184 (1985)
Margaret FRAZIER
v.
Douglas N. FREEMAN.
No. CA 84 1143.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Gerald H. Schiff and Lawrence B. Sandoz, III, Sandoz, Sandoz, & Schiff, Opelousas, for plaintiff.
Jerry A. Oubre, Caffery, Oubre, Dugas & Campbell, New Iberia, for intervenor.
John W. Porterfield, Jeanerette, for defendant.
*185 Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Plaintiff, Margaret Frazier, appeals the judgment of the trial court which granted defendant's motion for summary judgment and dismissed plaintiff's suit for personal injuries against defendant.
We reverse and remand.
Plaintiff filed suit for personal injuries against defendant, Douglas N. Freeman, alleging in her petition that on or about September 30, 1981, she was a guest passenger in an automobile owned and being driven by defendant when the latter negligently lost control of the vehicle and drove it into a roadside ditch, resulting in severe injuries to plaintiff. Alleging that the accident and resulting injuries were caused solely by the fault of defendant, plaintiff sought to recover monetary damages.
Defendant filed an answer, admitting the accident but denying that it was caused by fault on his part; he alleged that the sole cause of the accident was the negligent interfering of his control of the vehicle by plaintiff. He reconvened for damages resulting from his own injuries. Plaintiff answered the reconventional demand, denying defendant's allegation of negligence on her part; in the alternative she pled the application of the doctrine of comparative negligence; in the further alternative she alleged that the cause of the accident was a tire or wheel "defective" as a result of defendant's improper maintenance.
On January 26, 1983, Louisiana Farm Bureau Mutual Insurance Company intervened in the suit, alleging that at the time of the accident it had in full force and effect a policy of insurance issued to plaintiff which provided, among other coverage, UM motorist coverage and medical payments coverage. The intervenor sought to recover from defendant the amount of $13,221.42 ($3,221.42 in medical payments and $10,000 in UM coverage) which it allegedly had paid under the policy to plaintiff for her injuries arising from the accident, plus any future amounts it might become obligated to pay in medical payments.
On December 21, 1983, defendant filed a motion for summary judgment, alleging that "upon information and belief" plaintiff had executed a release in favor of intervenor, her UM insurer, but had failed to expressly reserve her rights against defendant, the alleged tortfeasor. Citing the Louisiana Supreme Court case of Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (1982), defendant argued that under the rule of LSA-C.C. 2203 (now repealed), plaintiff could no longer seek damages from him as the release of one solidary obligor, the UM insurer, served to release the other solidary obligor, the alleged tortfeasor. There was no copy of the alleged release attached to the motion for summary judgment, nor were there any affidavits attached; defendant sought summary judgment solely upon the strength of his unsupported allegations. Plaintiff filed nothing in opposition to the motion. The minutes reflect that the motion was argued by counsel for all parties, including the intervenor, at hearing on the motion, and submitted to the trial court. The court below subsequently rendered judgment granting defendant's motion for summary judgment and dismissed plaintiff's suit. It is from that judgment that plaintiff took this devolutive appeal.
LSA-C.C.P. art. 966 provides, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed ...
B.... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
*186 LSA-C.C.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Under these articles, the burden is upon the mover for summary judgment to show that no genuine issue of material fact exists and only when reasonable minds must inevitable conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Asian Intern., Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1058 (La. App. 1st Cir.1983). Summary judgments are not favored and any reasonable doubt should be resolved against the mover. Dupuy v. Gonday, 450 So.2d 1014 (La.App. 1st Cir.1984). On motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment should be denied. It is only if they are sufficient that the burden shifts to the opposing party to present evidence that a material fact is still at issue; only at this point may the adverse party no longer rest on the allegations contained in his or her pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Nathans v. Vuci, 443 So.2d 690 (La.App. 1st Cir.1983). Even in the absence of a formal opposition to a motion for summary judgment, the mover must still show that he is entitled to the relief prayed for. Delta National Bank of Yazoo City v. Holder, 398 So.2d 1072 (La.1981); Baker v. Ingram, 447 So.2d 101 (La.App. 4th Cir. 1984); Seymour v. Transocean Marine, Inc., 421 So.2d 325 (La.App. 1st Cir.1982).
In the instant case, while the adverse party, plaintiff, failed to respond in opposition to the motion for summary judgment, defendant clearly failed to meet his burden of showing that he is entitled to summary judgment on the grounds asserted. While C.C.P. arts. 966 and 967 do not mandate the filing of documentary evidence in support of or in opposition to a motion for summary judgment, if the existence of a particular document and a particular provision (or lack of it) in that document is asserted as the sole grounds entitling mover to summary judgment, mover fails to meet his burden of proof by resting on the bald allegation of the document's existence and alleged wording. Regardless of what counsel for plaintiff and intervenor may have admitted during argument at hearing on this motion, the record is devoid of sufficient evidence to support the granting of defendant's motion for summary judgment on the grounds asserted.[1]
Accordingly, for the foregoing reasons, the judgment of the trial court granting defendant's motion for summary judgment and dismissing plaintiff's claims is reversed; the case is remanded for further proceedings consistent with this opinion. Costs of this appeal assessed against defendant-appellee, Douglas N. Freeman.
REVERSED AND REMANDED.
NOTES
[1] Even had the existence of the release been properly established the Motion for Summary Judgment had no merit. Carona v. State Farm Ins. Co., 458 So.2d 1275 (La.1984).