GULOTTA, Judge.
In this tort action, defendant Halmar Construction Company appeals from a summary judgment dismissing co-defendant South Central Bell Company, Inc. Because we conclude that there is a genuine issue of material fact on the question whether South Central Bell was causually linked to the accident, we reverse and set aside the dismissal and remand the matter for further proceedings in the trial court.
Plaintiff, a New Orleans fireman, suffered burns on September 12, 1983, from an explosion beneath the 300 block of Chartres Street while he was standing near a manhole cover and clearing the area of traffic during a fire investigation. Plaintiff alleged that the explosion resulted from an underground electrical cable that had been negligently severed during street repairs by defendants Halmar Construction Company and South Central Bell. Defendant Halmar third partied South Central Bell and New Orleans Public Service, the owner of the cable.
South Central Bell moved for a summary judgment dismissing the main and third party demands on the grounds that neither it nor its agents had begun work in the area until October 24, 1983, over a month after the September 12, 1983 explosion. In opposition to the motion, Halmar filed a countervailing affidavit of its field supervisor claiming that South Central Bell had worked in the area before the explosion. The trial judge granted South Central Bell’s motion, and Halmar alone has appealed. Plaintiff has not appealed and has filed no brief in this court.
Halmar contends that summary judgment was erroneous because there remains a genuine issue of material fact on the question whether or not South Central Bell negligently caused the accident. We agree.
In support of its motion, South Central Bell filed the affidavit of its assistant manager in charge of construction, Frank Ru-sich, who averred that he was responsible for supervision of the construction in the area, that South Central Bell’s subcontractor had not begun work in the 300 block of Chartres Street until October 24, 1983, that neither South Central Bell nor any company hired by it had performed any work in that block before September 12, 1983, and that he had personally recalled the explosion incident and knew that it had occurred before South Central Bell or its subcontractor began work in that block.
In further support of its motion, South Central Bell also filed the affidavit of Dave Templeton, the treasurer of Crescent Construction Company, South Central Bell’s contractor who had performed the work on Chartres Street in the fall of 1983. Based upon his personal knowledge and review of Crescent's records, Templeton stated that Crescent had begun work on Chartres between Bienville and Conti Streets on Monday, October 24, 1983, had continued through Saturday, October 29, and had per *71 formed no other work in that block. Business records kept by Templeton in the regular course of his duties as treasurer were also attached to his affidavit. Crescent’s work sheets for the Conti and Chartres location were dated the week ending October 30, 1983, and a billing invoice to South Central Bell was dated November 4, 1983.
In opposition to South Central Bell’s motion, however, defendant Halmar filed the affidavit of its field supervisor, Joey Mal-ley, who had overseen the job site in the fall of 1983. According to Malley, it was normal practice for Halmar to demolish a sidewalk area and for South Central Bell to perform its work prior to Halmar’s repour-ing of the sidewalk. He stated that the job in the 300 block of Chartres went according to this normal practice, that he had personally recalled workers on behalf of South Central Bell working in this area prior to the sidewalk’s being repoured, and that “the records indicated that the sidewalk was repoured on August 30,1983,” approximately two weeks before the September 12 explosion. Although Malley did not specifically identify those “records”, Halmar’s memorandum in opposition to the motion for summary judgment attached records of the consulting engineering firm of Morphy, McCoskey and Masson, Inc. The daily log for August 22, 1983 lists Halmar as “contractor” and states, “Phone Co. digging in 300 Blk. Chartres on lakeside”. The log entry for August 30 indicates that concrete was poured in the same block on that date.
Summary judgment is available only when “the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. Art. 966; Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982); Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981). Affidavits supporting or opposing motions for summary judgment must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967; Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978). If the affidavits and supporting documents presented by the party moving for a summary judgment are sufficient to resolve all issues of material fact, the burden shifts to the opposing party to present evidence showing that material facts are still an issue; the opponent can no longer rest on the allegations and denials contained in his pleadings. LSA-C.C.P. Art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Delta Nat. Bank of Yazoo City v. Holder, 398 So.2d 1072 (La.1981).
Applying these criteria to the affidavits in the instant case, we conclude that Hal-mar’s countervailing affidavit shows the existence of a genuine issue of material fact. Although the affidavits of Rusich and Templeton on behalf of South Central Bell apparently support the telephone company’s position that it did not work in the 300 block of Charters Street until after the explosion, the opposing affidavit of Malley, Halmar’s foreman, states that he recalled South Central Bell workers in the area before Halmar repoured the sidewalk on August 30, 1983, i.e., before the explosion. Given this conflict on the crucial factual question whether South Central Bell worked in the area before the accident and thus could have severed the underground cable as alleged in plaintiff’s petition, we conclude the trial judge erred dismissing South Central Bell.
In so holding, we reject South Central Bell’s argument that Malley’s affidavit is based on hearsay instead of his personal knowledge. According to South Central Bell, although Malley states that “records” indicated the sidewalk was repoured by Halmar on August 30, 1983, he fails to identify those records or state whether he made them or had custody of them in the normal course of his duties.
Although it is true that Malley may not have observed the technicalities of the “best evidence” rule (LSA-R.S. 15:436) in referring to the “records”, it does not necessarily follow that the entire affidavit must be disregarded as not made on per *72 sonal knowledge. Absent a motion or other objection to strike the affidavit, a lack of showing of the personal knowledge of the affiant is waived, unless it is clear from the affidavit itself that it is not based on personal knowledge of the facts. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). There was no objection or motion to strike Malley’s affidavit in the instant case. Furthermore, because Malley supervised and oversaw the job site in the fall of 1983, the facts and records to which he refers in his affidavit could have been within his personal knowledge.
In deciding whether there are genuine issues of material fact, any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., supra; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). In determining whether the mover has satisfied his strict burden in favor of a summary judgment, the papers supporting the mover's position are closely scrutinized, while the opposing papers are indulgently treated. Vermilion Corp. v. Vaughn, supra. Thus, when we closely scrutinize South Central Bell’s motion and indulgently view the opposing affidavit, we are led to conclude that a genuine issue of material fact remains as to whether or not South Central Bell worked in the area prior to plaintiff’s accident.
In so holding, we distinguish the cases cited by South Central Bell in support of its argument that Halmar’s affidavit was inadmissible.[1] In the cases relied on by defendant, the opponents to the motions for summary judgment either failed to file countervailing affidavits or the affidavits filed were not based on the personal knowledge of the affiants.
Accordingly, the judgment granting South Central Bell’s motion and dismissing it from the proceedings is reversed and set aside. The matter is remanded for further proceedings consistent herewith.
REVERSED AND SET ASIDE; REMANDED

. Hooper v. Wilkinson, 225 So.2d 66 (La.App. 3rd Cir.1969); Duplessis v. Hullinghorst, 255 So.2d 236 (La.App. 1st Cir.1971); Jones v. St. Charles Steel Fabricators, Inc., 422 So.2d 448 (La.App. 4th Cir.1982); Simoneaux v. E.I. DuPont DeNemours, 483 So.2d 908 (La. 1986).