531 So.2d 1091 (1988)
Estelle Schwartz MIGLIORE, et al.
v.
Harold J. KINSLEY, et al.
Louis F. LICCIARDI
v.
Harold J. KINSLEY, et al.
Nos. 88-CA-0235, 88-CA-0236.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
*1092 Kirk A. Vaughn, Arabi, for plaintiff-appellant Estelle Schwartz Migliore, etc.
Robert P. Hogan, Covington, for defendant-appellee.
Daniel L. Dysart, Chalmette, for plaintiff-appellant Louis F. Licciardi.
Before GARRISON, CIACCIO and WARD, JJ.
GARRISON, Judge.
On February 8, 1986, at approximately 3:00 a.m., Eugene A. Grigsby, Sr. was killed when a taxicab driven by him in the course of his employment with the Arabi Cab Company collided with a truck driven by Harold Kinsley at the intersection of West St. Bernard Highway and Rowley Boulevard in St. Bernard Parish, Louisiana. Estelle Schwartz Migliore, Grigsby's ex-wife, filed a wrongful death action on behalf of her and Grigsby's minor child, Eugene A. Grigsby, Jr., in her capacity as natural tutrix and administratrix of the child's estate, against Kinsley; Kinsley's employer, D & G Body Shop; the liability insurer of Kinsley and D & G Body Shop; and First Horizon Insurance Company, decedent Grigsby's uninsured motorist insurance carrier. According to this lawsuit, the accident resulting in Grigsby's death was the result of Kinsley's negligence. This lawsuit also alleged that, at the time of the accident, Kinsley was on a mission for his employer, D & G Body Shop and that, therefore, Kinsley's negligence in the accident is imputable to his employer.
First Horizon Insurance Company filed a cross-claim against the other three defendants urging that if it was found to be liable for any of plaintiff's damages, it was entitled to full indemnity or, alternatively, to contribution from the other defendants. Subsequently, First Horizon filed a motion for summary judgment against the plaintiff stating that because the Arabi Cab Company and the Louisiana Taxicab Association had waived all uninsured/underinsured motorist coverage for their vehicles, including the one driven by Grigsby in the fatal accident, First Horizon is not liable to plaintiff because it provided no uninsured motorist coverage on Grigsby's vehicle. First Horizon attached affidavits of representatives of Arabi Cab Company and the Louisiana Taxicab Association to its motion for summary judgment which supported its position that the uninsured motorist coverage on the vehicle driven by Grigsby in the accident had been waived by these two entities. On March 25, 1987, the trial judge granted First Horizon's motion for summary judgment and dismissed plaintiff's claim against First Horizon.
The D & G Body Shop then filed a motion for summary judgment against the plaintiff claiming that the vehicle driven by Kinsley in the accident was owned and *1093 operated by Kinsley exclusively for his personal benefit and that Kinsley was not acting within the course and scope of his employment with D & G Body Shop at the time of the accident. Attached to this motion were affidavits by Kinsley and Gary Hingle, the owner of D & G Body Shop, supporting the claims urged in D & G's motion for summary judgment. On August 24, 1987, this motion for summary judgment was granted by the trial judge and plaintiff's claim against D & G Body Shop was dismissed. Migliore now appeals this judgment.
In a companion case which has been consolidated with Mrs. Migliore's case, Louis Licciardi, a fare-paying passenger in Grigsby's cab, filed a personal injury action against Kinsley; Gary Hingle, d/b/a D & G Body Shop; Kinsley and D & G Body Shop's liability insurer; the Estate of Eugene Grigsby, Sr.; Arabi Cab Company, Inc.; and First Horizon Insurance Company for damages arising from Licciardi's allegedly severe and permanent injuries resulting from the accident in question. First Horizon Insurance Company and Arabi Cab Company filed a cross-claim against Kinsley and D & G Body Shop claiming entitlement to full indemnity or, alternatively, contribution from these other defendants if cast in judgment for plaintiff's claim.
Subsequently, Gary Hingle, d/b/a D & G Body Shop, filed a motion for summary judgment against Licciardi, First Horizon Insurance Company and Arabi Cab Company on the grounds that the truck driven by Kinsley at the time of the accident was owned and operated by Kinsley exclusively for his personal benefit and that he was not acting within the course and scope of his employment with D & G Body Shop at the time of the accident. Affidavits of Hingle and Kinsley supporting D & G Body Shop's grounds for requesting summary judgment were attached to this motion. On October 23, 1987, D & G Body Shop's motion for summary judgment was granted and both plaintiff's claim and First Horizon and Arabi Cab's cross-claim against D & G Body Shop were dismissed. Licciardi now appeals this judgment.
In this appeal, appellants Migliore and Licciardi argue that summary judgment was granted prematurely to Gary Hingle, d/b/a D & G Body Shop because appellants were unaware of Kinsley's whereabouts prior to the filing of his affidavit in support of D & G Body Shop's motion for summary judgment in the Migliore case and, therefore, were unable to serve Kinsley with process in this case or proceed with discovery in order to determine if a legal relationship existed between Kinsley and D & G Body Shop at the time of the accident. Appellants urge that the summary judgment in favor of D & G Body Shop be set aside and that this matter be remanded for the purpose of allowing appellants to depose Kinsley in order to determine the relationship between Kinsley and D & G Body Shop.
LSA-C.C.P. art. 967 states as follows:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be *1094 had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt."
The record in the Migliore case reveals that the plaintiff offered neither counter-affidavits nor reasons why factual affidavits could not be presented in response to Hingle's motion for summary judgment and the supporting affidavits. Therefore, because she chose to rest on the mere allegations and denials in her pleadings, summary judgment was properly granted against her in Hingle's favor.
However, in the Licciardi case, the plaintiff did file a memorandum in opposition to Hingle's motion for summary judgment, claiming that Kinsley was unwilling or unable to be deposed because of the accident-related criminal proceedings pending against him. In this memorandum, the plaintiff requested that the trial judge delay ruling on Hingle's motion for summary judgment until plaintiff had an opportunity to cross-examine Kinsley on the issue of the legal relationship between Kinsley and D & G Body Shop at the time of the accident.
We conclude that this action by Licciardi satisfies the requirements of C.C.P. art. 967. Although it is within the trial judge's discretion to either refuse the application or order a continuance if a party opposes a motion for summary judgment by counter-affidavits or with reasons why factual affidavits cannot be produced, in this case, we find that plaintiff has sufficiently alleged reasons why these affidavits could not be produced and, therefore, it was an abuse of discretion for the court to refuse to grant the continuance.
Therefore, for the reasons stated above, the trial court's granting of Hingle's motion for summary judgment against Migliore is affirmed. However, the granting of Hingle's motion for summary judgment against Licciardi is vacated and the motion for summary judgment is remanded for hearing after plaintiff has been afforded reasonable time to take the deposition of Harold Kinsley.
AFFIRMED IN PART, VACATED AND REMANDED IN PART.