NESTOR L. CURRAULT, Jr., Judge Pro Tem.
United Distributors, Inc. (“United”) appeals the grant of a motion for summary judgment in favor of defendant, Roper Sales Corporation (“Roper”).[1] United instituted this unfair trade practice, breach of contract, and tort action against Roper and Glindmeyer Distributing Company, Inc. (“Glindmeyer”) to recover on an alleged breach by Roper of an exclusive distributorship agreement between United and Roper entered into on or about August 1, 1981. The petition further alleges Glind-meyer and Roper conspired to cause the agreement to be breached in order that Glindmeyer could be awarded the distributorship to the detriment of United. Glind-meyer was not a party to the summary judgment and is not before us on appeal.
United argues that Roper’s refusal to comply with discovery requests precluded them from obtaining sufficient facts necessary to oppose the summary judgment. Roper argues the petition alleges a breach of a 1981 contract was the basis for the suit and that the existence of a 1973 contract was first brought up in the trial court via an affidavit of Mr. Paul Rosenblum, President of United, filed in support of the motion for new trial. The existence of a 1973 contract was not part of the pleadings nor was it before the trial court on summary judgment. Because the possible existence of a 1973 contract should have been known, with the exercise of due diligence prior to the summary judgment hearing, Roper argues the new trial motion was properly denied. As to the alleged 1981 contract, Roper argues there is no genuine issue of material fact, thus summary judgment was properly granted.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and *1225 that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Ker-win v. Nu-Way Const. Service, Inc., 451 So.2d 1193 (5th Cir.1984); writ denied, 457 So.2d 11 (La.1984). Motion for summary judgment can be filed by a defandant as an initial pleading, Jacobs v. Beck, 141 So.2d 920 (4th Cir.1962); National Companies v. Bridgewater, 398 So.2d 29 (4th Cir.1981), or the court may continue the summary judgment hearing until after discovery is completed. Migliore v. Kinsley, 531 So.2d 1091 (4th Cir.1988); LSA-C.C.P. art. 967.
LSA-C.C.P. art. 967 provides:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt.
The underlying purpose of our courts is to arrive at the truth. In order to accomplish this, parties involved in litigation are allowed to conduct discovery. When a party moves for summary judgment instead of complying with certain ordered discovery which could determine pertinent facts of the litigation, the hearing on summary judgment should be continued until after the discovery is complete.
In the case before us, United propounded interrogatories and requests for production to Roper in January 1989. Roper objected and on June 15, 1989 United filed a motion to compel Roper to answer the discovery. On September 8, 1989 Roper moved for summary judgment. On September 18, 1989 the court ordered Roper to comply with United’s discovery requests within 60 days. Then, on November 13, 1989, the court granted Roper’s motion for summary judgment. Because Roper did not comply with the court’s September 18, 1989 order, United again filed a motion to compel discovery and for contempt of court. This was denied. United then appealed the grant of summary judgment.
In our view, the trial court erred in hearing the motion for summary judgment prior to the completion of discovery. LSA-C.C.P. art. 967 allows for a continuance in order to complete discovery when that discovery may lead to contested issues of material fact. In an affidavit opposing the summary judgment, United alleges the refusal of Roper to comply with the discovery requests made it impossible for United to prove their case. The discovery requested clearly referred to a distributor agreement executed in or around 1974, the existence of which is a material fact. Thus, the trial court should have allowed the discovery to be completed before ruling on the summary judgment. LSA-C.C.P. art. 967; Migliore, supra.
*1226 For the foregoing reasons, the trial court’s grant of Roper’s motion for summary judgment is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. Each party is to bear their own costs.
REVERSED AND REMANDED.

. Roper Corporation was incorrectly named as Roper Sales Corporation.