WILLIAMS, Judge.
The trial court sustained a motion for partial summary judgment filed on behalf of the plaintiff lessee, requiring defendant lessor to return a security deposit after fire destroyed the building. Through this appeal, the defendant argues the trial court erred in granting the motion because unresolved issues of material fact remain in that the plaintiff violated the lease in failing to maintain insurance and in failing to return the movables destroyed by the fire. We affirm.
The parties entered the lease June 10, 1985, the term of which ended July 31, 1989. The lease included specially typewritten clauses:
Lessor accepts and acknowledges receipt of the $5,600.00 as an additional security and rent deposit to be used by Lessor toward any violations of this lease by Lessee. If no violations occur, the said $5,600.00 will be returned at the end of the lease period. This deposit shall be non-interest bearing.
Lessor accepts and acknowledges receipt of $5,000.00 as an additional deposit on the equipment contained in the restaurant, designated on the inventory attached as Exhibit B and the equipment in the grocery store designated on the inventory attached as Exhibit C. This deposit shall be returned at the end of the lease when the equipment is returned in good condition, fair wear and tear expected. This deposit shall be non-interest bearing.
Fire destroyed the building and movables February 16, 1989.
The plaintiff filed a “Petition for Return of Deposit” May 30, 1989, seeking return of the two deposits totalling $10,600.00. The petition alleged the lease had been cancelled when the lessor failed to notify *1059 the lessee within thirty days from the date of the fire that he would repair the damage in conformity with the lease. The lessor answered and reconvened claiming setoff in the amount of the lost movables, $25,-000.00. The lessor alleged the lessee had failed to maintain insurance as required by the lease. The lessee then filed the motion for partial summary judgment, arguing he was entitled to summary judgment for the return of the security deposit of $5,600.00. The supporting memorandum conceded the return of the $5,000.00 deposit on the movables was still the subject of litigation.
The Code of Civil Procedure sets forth that a plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. LSA-C.C.P. art. 966(A). The Code also directs the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact, and mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B).
Once a motion for summary judgment has been made and supported, a party opposing the motion may not rest on the mere allegations of his pleadings but must set forth by way of affidavit or other documents specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. LSA-C.C.P. art. 967. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3d Cir.1985) However, under LSA-C.C.P. art. 966 and 967, the burden is upon the mover to show the absence of genuine issues of material fact. Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir.1985). Courts must closely scrutinize the papers of the party supporting the position of mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292 (La. App. 3d Cir.1982), writ den., 429 So.2d 147 (La.1983). The court must find the mover’s supporting documents are sufficient to resolve all material issues of fact. Frazier v. Freeman, supra.; Louisiana Nat. Bank v. Slaughter, 563 So.2d 445 (La.App. 1st Cir. 1990). If they are insufficient, summary judgment is denied. Id.
Summary judgments are not favored; any reasonable doubt should be resolved against the mover and in favor of a full trial on the merits. Ortego v. Ortego, supra.; Weems v. Hickman, 524 So.2d 792 (La.App. 3d Cir.1988); Vassallo, Inc. v. Southwestern Packing & Seal Co., 476 So.2d 925 (La.App. 2d Cir.1985). All doubts will be decided in favor of trial on the merits even if grave doubts exist as to a party’s ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., supra.
In this case, both the movant and opponent support their positions with the provisions of the lease itself. We find that a clear reading of the provisions of the lease reveals the movant carried his burden to show the absence of genuine issues of material fact. The lease provides that if through no fault, neglect, or design of the lessee, the premises are destroyed by fire or other casualty or damaged to such an extent as to render them wholly unfit for occupancy, then the lease is cancelled; or if the premises can be repaired within a hundred twenty days of the fire, then the lease is not cancelled, and the lessor must notify the lessee within thirty days from the date of the fire that the lessor will repair the damage. The lessor’s answer and recon-ventional demand makes no allegation the fire was the fault of the lessee. The building was totally destroyed. The lease therefore terminated when fire rendered the building wholly unfit for occupancy and lessor did not serve notice of his intention to repair the damage.
The first typewritten clause quoted above[1] provides that at the end of the lease the security deposit of $5,600.00 will be returned absent any violations of the lease. The lessor argues that in fact the lessee has violated the lease by failing to *1060 maintain insurance. A reading of the lease reveals that the lessee was required to maintain liability insurance[2] but that the lessee is only obligated to provide additional fire insurance over and beyond that carried by the lessor if any installation made or action taken by lessee increases the rate of insurance on the building or contents as fixed by the Louisiana Fire Prevention Bureau, or any similar institution. Since the lessor has failed to allege that the lessee took any action that would have required him to obtain additional fire insurance and then did not obtain that insurance, there is no evidence the lessee violated the lease in such a way as to be denied the return of his security deposit.
The lessor also argues the lessee violated the lease by failing to replace the movables which were destroyed in the fire. However, the movables were protected by a separate and “additional deposit” of $5,000.00 set out in the second typewritten clause cited above. There is no indication that the lessee’s failure to return the now non-existent movables was such a violation of the lease as to prevent the return of the $5,600.00 deposit.
Accordingly, we find that the trial court did not err in granting partial summary judgment.
AFFIRMED.

. We note that the lease provides that "Wherever there is conflict in this lease between the printed clauses and the specially written or typewritten clauses of this lease, the specially written or typewritten clauses shall apply.”

. The lease provides: "Lessee shall maintain liability insurance to the extent of $500,000.007$!,-000,000.00 and plate glass insurance as an additional safeguard.”