638 So.2d 434 (1994)
Lori GARDNER
v.
KOSTMAYER & ASSOCIATES, INC. et al.
No. 94-CA-65.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 1994.
*435 A. Wayne Stewart & Associates, Albany, for plaintiff/appellant.
David F. Bienvenu, Paula Marcello Wellons, New Orleans, for defendant/appellee Kostmayer & Associates, Inc.
Louis C. Lacour, Jr., A. Kirk Gasperecz, Adams & Reese, New Orleans, for defendant/appellee Harnischfeger Industries, Inc.
Before GAUDIN, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal by the plaintiff of a trial court's granting of summary judgment in favor of the defendant. For the following reasons, we reverse and remand.

FACTS
On February 11, 1984, Robert Horace Gardner, (Horace) while performing his duties for his employer, defendant/appellee, Kostmayer & Associates, Inc. (Kostmayer), was killed when he was knocked off a steel structure being constructed near Gramercy, Louisiana, on the Mississippi River. Horace was struck by a portion of a tower which was being lowered by crane to its intended place atop some pilings in the river. Prior to the accident, the operator of the crane, Milton Gardner (Horace's father), attempted to raise the tower when he believed that he had accidently placed the tower onto Horace's legs. As Milton attempted to quickly raise the tower by pulling the boom in, the tower contacted the boom, and the boom collapsed. As the boom was falling into the river, a portion of the tower struck Horace and knocked him into the river.
Horace's wife, Lori Gardner, from whom he had been judicially separated at the time of the accident, timely filed suit on behalf of their minor son, Derek, against Kostmayer[1], alleging vessel negligence pursuant to 33 U.S.C. § 905(b). Plaintiff later amended her petition to include, among others, Harnischfeger Industries, Inc. (Harnischfeger), the manufacturer of the boom. Plaintiff additionally alleged that the boom, which was owned and operated by Kostmayer and manufactured by Harnischfeger was defective, and it contributed to/caused the accident.
On September 7, 1993, Harnischfeger filed a motion for summary judgment, arguing that there was no dispute as to any genuine issue of material fact and that they were entitled to judgment as a matter of law. On October 18, 1993, Kostmayer filed a motion for summary judgment, also arguing that there was no dispute as to any genuine issue of material fact and that they were entitled to judgment as a matter of law. On October 28, 1993, the trial court issued two separate judgments, granting each motion for summary judgment for each defendant respectively. Plaintiff thereafter filed this appeal, asserting that genuine issues of material fact exist which preclude summary judgment.

HARNISCHFEGER
It bears noting that although appellant fails to mention Harnischfeger as a party to this appeal anywhere in these proceedings, Harnischfeger has submitted an appellee's brief "solely out [of] an abundance of caution." After reviewing the record, we agree with Harnischfeger that appellant has failed to adequately include them as an appellee in these appellate proceedings[2], and we pretermit any discussion or action with regards to the separate summary judgment granted in Harnischfeger's favor. We will therefore limit the holding of this opinion to the summary judgment granted in favor of Kostmayer.

KOSTMAYER
It is well settled that summary judgments are not favored, and any reasonable doubt should be resolved against the *436 mover and in favor of a full trial on the merits. Weems v. Hickman, 524 So.2d 792 (La.App. 3 Cir.1988); Vassallo, Inc. v. Southwestern Packing & Seals Co., 476 So.2d 925 (La.App. 2 Cir.1985); Ortego v. Ortego, 425 So.2d 1292 (La.App. 3 Cir.1982), writ denied, 429 So.2d 147 (La.1983). All doubts will be decided in favor of a trial on the merits even if grave doubts exist as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985).
Pursuant to La.Code Civ.Proc. art 966(B), a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Once a motion for summary judgment has been made and supported, a party opposing the motion may not rest on the mere allegations of his pleadings, but must set forth by way of affidavit or other receivable evidence specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. La.Code Civ.Proc. art. 967; Equipment, Inc., supra. However, under La.Code Civ.Proc. arts. 966 and 967, the burden is upon the mover to show the absence of genuine issues of material fact. Frazier v. Freeman, 481 So.2d 184 (La.App. 1 Cir.1985). Courts must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be indulgently treated. Ortego, supra.
Included in the record before us is the deposition of Milton Gardner, who, at the time of the accident, had been a crane operator for approximately twenty years, and who testified about the accident as follows:
Q. And what happened next?
A. Well, I don't know what happened. I thought the rig was going toI felt something. So, I set the load down.
Q. What do you mean you felt something? You felt something in the crane operation?
A. No. It wasn'tI don't really know. I thought the machine was lifting up. When I felt that it was I just set the load down because that's what you do. You set the load down when your machine is turning over. In my mind right at that present time the machine was lifting, was fixing to turn. What caused it to do it after we had swung it, picked it up I don't have the slightest idea.
Milton further testified that it was after he set the load down that he thought he saw Horace's legs caught and attempted to raise the load quickly. This series of events led to Horace being knocked into the river and his subsequent death.
In its motion for summary judgment, Kostmayer asserted that "[i]t is uncontested that there is no evidence indicating that the condition of the crane or any other part of the vessel caused the accident." This assertion is incorrect in light of the above-quoted testimony of Milton Gardner, who stated that he felt something was wrong with the crane prior to setting the load down.
The testimony of Milton Gardner, that something was wrong with the crane prior to the accident occurring, is a genuine issue of material fact, which is, as of yet, unresolved, and which precludes summary judgment. The trial court therefore erred in granting summary judgment in favor of Kostmayer.
Lastly, in appellee's original brief, appellee requests that, pursuant to La.Code Civ.Proc. art. 2164, penalties be assessed against appellant for filing a frivolous appeal. Notwithstanding the fact that we have determined this appeal to have merit, and therefore, to not be frivolous, appellees failed to answer the appeal as required by La.Code Civ.Proc. art. 2133, and cannot now demand damages against the appellant.
Therefore, and for the foregoing reasons, the October 28, 1993 judgment of the trial court, granting Kostmayer & Associates, Inc.'s motion for summary judgment, is hereby reversed. This matter is remanded to the trial court for further proceedings not inconsistent with this ruling. Costs of this appeal are cast against appellee, Kostmayer & Associates, Inc.
REVERSED AND REMANDED.
NOTES
[1] Other defendants named in the original petition were Hall-Buck Marine Services Company, L. Don Stewart, James Terry and ABC Engineering Company. None of these defendants are a party to this appeal.
[2] Appellant has failed to, inter alia, designate Harnischfeger in the case title; mention Harnischfeger in her appellate brief; and attach to her brief a copy of the summary judgment granted in favor of Harnischfeger.