648 So.2d 1010 (1994)
Shirley L. KAUFMAN
v.
CORPORATE REALTY, INC.
No. 94-CA-526.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1994.
Writ Denied March 17, 1995.
Henry L. Klein, New Orleans, for plaintiff-appellee.
Peter J. Butler, Peter J. Butler, Jr., Locke Purnell Rain Harrell, P.C., New Orleans, for defendant-appellant.
Before KLIEBERT, C.J., and GAUDIN and GRISBAUM, JJ.
KLIEBERT, Chief Judge.
Defendant, Corporate Realty, Inc.,[1] appeals the trial court's grant of summary judgment in favor of plaintiff, Shirley L. Kaufman, decreeing defendant was indebted to plaintiff, denying its motion to dismiss, *1011 and casting defendant in judgment in the amount of $200,000.00. Plaintiff answered the appeal seeking that defendant be assessed costs and attorney's fees for filing a frivolous appeal. Defendant also filed in this Court the exception of res judicata based on a purported settlement agreement between the parties. Plaintiff moved to strike portions of plaintiff's brief and requested sanctions. For the following reasons, we deny the motion to strike and the request for sanctions, vacate the grant of summary judgment, and remand for further proceedings.
Plaintiff initiated this action alleging she authorized Citibank to advance $450,000.00 to Westminster Management Corporation (hereinafter W.M.C.) to be repaid by funds generated from buildings managed by W.M.C. The suit alleged $250,000.00 was repaid, leaving a balance due of $200,000.00.
Defendant denied the allegations of the lawsuit and alleged a number of affirmative defenses, including the extinguishment of the obligation as a result of settlement, transaction, or compromise.
Plaintiff moved for summary judgment and supported same with a certified copy of pleadings from the matter entitled Schlesinger v. Herzog, et als, No. 90-4051, U.S.D.C., E.D.La., and other documentation evidencing the $200,000.00 debt. In the federal litigation, plaintiff contends defendant made a judicial admission that plaintiff was owed $200,000. Thus, relying on LSA-C.C. art. 1853,[2] plaintiff contends defendant is estopped from contesting the existence of the debt in this lawsuit.
Defendant did not offer countervailing affidavits or "other receivable evidence" to prove the existence of a genuine issue of material fact. However, defendant moved for a dismissal and supported this motion with a "Settlement and Receipt and Release Agreement" dated March 30, 1993, contending this litigation was included in the March 30 settlement. This same contention is the basis of the exception of res judicata filed in this Court. Further, in brief in the trial court and this Court, defendant contends outstanding discovery precludes a grant of summary judgment.
The trial court ruled plaintiff carried her burden on the motion for summary judgment and that the burden then shifted to defendant to prove the existence of material facts. The only evidence submitted by defendant was the March 30, 1993 settlement agreement which the trial court found did not include this litigation. Accordingly, summary judgment was granted.
Pursuant to La.Code Civ.Proc. art. 966(B), a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Once a motion for summary judgment has been made and supported, a party opposing the motion may not rest on the mere allegations of his pleadings, but must set forth by way of affidavit or other receivable evidence specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. La.Code Civ.Proc. art. 967; Equipment, Inc. [v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985)]. However, under La.Code Civ.Proc. arts. 966 and 967, the burden is upon the mover to show the absence of genuine issues of material fact. Frazier v. Freeman, 481 So.2d 184 (La. App. 1 Cir.1985). Courts must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be indulgently treated. Ortego [v. Ortego, 425 So.2d 1292 (La.App. 3 Cir.1982)], supra.
Gardner v. Kostmayer & Associates, Inc., 638 So.2d 434, 436 (La.App. 5 Cir.1994)
Further, it is rarely appropriate to use summary judgment for a determination *1012 based on subjective facts such as intent, motive, malice, knowledge or good faith.
Panalber v. Blount, 550 So.2d 577 (La.1989).
Although defendant failed to submit an affidavit supporting the fact that outstanding discovery existed which could prove the existence of a genuine issue of material fact, we note the record reflects defendant filed a motion to compel responses by plaintiff to outstanding discovery and notice of plaintiff's deposition. Furthermore, in defendant's memorandum in opposition to summary judgment, they argue the outstanding discovery should be completed prior to a ruling on plaintiff's motion for summary judgment.
In our view, the trial court erred in hearing the motion for summary judgment prior to the completion of discovery. LSA-C.C.P. art. 967 allows for a continuance in order to complete discovery when that discovery may lead to contested issues of material fact.
In United Distributors v. Roper Sales Corp., 576 So.2d 1223 (La.App. 5th Cir.1991), this Court stated, at page 1225, as follows:
The underlying purpose of our courts is to arrive at the truth. In order to accomplish this, parties involved in litigation are allowed to conduct discovery. When a party moves for summary judgment instead of complying with certain ordered discovery which could determine pertinent facts of the litigation, the hearing on summary judgment should be continued until after the discovery is complete.
The trial court should have allowed the discovery to be completed before ruling on the summary judgment. LSA-C.C.P. art. 967; United Distributors, supra.
Furthermore, the trial court ruled the settlement agreement made the subject of the defense to summary judgment, motion to dismiss and exception of res judicata filed in this Court, clearly expressed the intent of the parties not to settle this litigation. Therefore, the trial court granted summary judgment and denied the Motion to Dismiss.
Summary judgment is rarely appropriate where the intent of the parties is at issue. Penalber, supra. Because outstanding discovery may resolve this issue, the trial court erred in granting summary judgment and denying the Motion to Dismiss prior to the completion of all discovery. Because the exception of res judicata filed in this Court concerns the same issue, we remand the exception to the trial court for further proceedings.
Because of our decision on the merits of this appeal, plaintiff's motion to strike and request for sanctions are denied.
For the foregoing reasons, the trial court judgment dated May 12, 1994 is vacated and this matter remanded to the trial court for further proceedings consistent with the views expressed herein. Each party is to bear his respective costs.
VACATED AND REMANDED.
NOTES
[1] Corporate Realty, Inc. is comprised of the former Westminster Management Corporation and Westminster Asset Management, Inc.
[2] LSA-C.C. art. 1853 provides:

A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.