hKLIEBERT, Chief Judge.
This dispute concerns the propriety of an attorney’s contracted fee based on a contingency fee contract in a domestic matter. Plaintiff, Ida Szodomka, sued her former attorney, defendants Hugh Lambert and Lambert & Nelson, PLC, to rescind the contingency fee contract executed by the parties. Defendants moved for summary judgment and the trial court, finding the doctrine of equitable estoppel was applicable, granted summary judgment and dismissed plaintiff’s suit. She appeals. We reverse the grant of summary judgment and remand to the trial court for trial on the merits because summary judgment was not appropriate.
Ida Julia Szodomka Hughes Wiegand Ha-vas, was married to Herbert D. Hughes, appellee, on July 13, 1956 and was divorced from him on August 12, 1971. They entered into a community property settlement agreement in 1972. In 1974, an “Asset Exchange Agreement” modifying the 1972 settlement was enacted. Thereafter, in 1977 Szodomka reinstituted actions against Hughes, his corporations and other parties. In June 1977 Szodomka employed Lambert to represent her in the litigation which had been commenced by other attorneys in 1975. At that time, judgments had been rendered against Szodomka and appeals were pending or had to be instituted to maintain the litigation. The employment of Mr. RLambert was under a contingency fee agreement which provided for payment to Lambert of 40 percent of the amounts recovered for her benefit. Lambert was successful in having the appeal court remand the litigation to the trial court for a trial on the merits.
*365 Before trial, two settlement agreements were entered into by Szodomka and Hughes. In conjunction therewith, the contingency fee rate of 40%, called for in the original fee contract, was reduced to 35%. The settlement agreement between Szodomka and Hughes was a structured settlement and required Hughes to make payments to be deposited into a trust account maintained by Lambert and from which Lambert was to make distributions of costs, attorney fees, and other payments before distributing the net payment to Szodomka. Payments were received and distributed by Lambert from March 1979 to February 1990.
In March 1990, Szodomka wrote to Lambert discharging him as her attorney and stating that she would pay no further fees.
Lambert instituted Proceedings No. 403-719 on the Docket of the 24th Judicial District Court for the Parish of Jefferson, entitled “Lambert & Nelson, a Professional Law Corporation, Successor in Interest to Hugh P. Lambert, Attorney at Law versus Ida Szodomka Hughes Havas, Herbert D. Hughes and Diversified Group, Inc. (formerly IDSO Investments, Inc.)” seeking declaratory relief as to the validity and enforcement of the Retainer Agreement, a money judgment for fees owed to Lambert, and other relief.
Thereafter, Szodomka instituted Proceedings No. 405-333 of the Docket of the same Court, entitled “Ida Szodomka versus Hugh P. Lambert and Lambert & Nelson, a Professional Law Corporation”.
These matters were consolidated for trial.
The motion for summary judgment and supporting documents before this Court were filed by Lambert in proceedings No. 405-333, seeking the dismissal of Szodomka’s petition contending the settlement fulfilled the sus-pensive condition of the contingency fee contract and, accordingly, he is entitled to the 35% fee on each future monthly payment. Because plaintiff agreed to the settlement in 1979 and has reaped the benefits of the settlement 13since then, including monthly receipts, she should now be estopped from attacking the retainer agreement.
Plaintiff contends that since defendant had access to her file in 1977 (through his association with her previous attorney) he was aware of her financial situation and, utilizing this privileged information, he coerced her into executing the contingency fee contract. By affidavit, she contends defendant informed her contingency fee contracts were the norm in domestic relation eases, contrary to what she now knows, and that she was never offered or had suggested to her a different fee arrangement. Further, she contends defendant coerced her to approve the numerous disbursements, despite her complaints that the fees charged were excessive. Only because of defendant’s threats, plaintiff contends, she approved the monthly disbursements.
The trial court, finding the “doctrine of equitable estoppel” was applicable, granted summary judgment and thus dismissed Szo-domka’s suit. She appeals.
Pursuant to La.Code of Civil Procedure art. 966(B), a summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Once a motion for summary judgment has been made and supported, a party opposing the motion may not rest on the mere allegations of his pleadings, but must set forth by way of affidavit or other receivable evidence specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. La.Code of Civil Procedure art. 967; Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3rd Cir.1985). However, under La.Code of Civil Procedure arts. 966 and 967, the burden is upon the mover to show the absence of genuine issues of material fact. Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir.1985). Courts must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be indulgently treated. Ortego v. Ortego, 425 So.2d 1292 (La.App. 3rd Cir.1982); Gardner v. Kostmayer & Associates, Inc., 638 So.2d *366 434, 436 (La.App. 5th Cir.1994). Further, it is rarely appropriate to use summary judgment for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Penalber v. Blount, 550 So.2d 577 (La.1989); Kaufman v. Corporate Realty, Inc., 648 So.2d 1010 (La.App. 5th Cir.1994).
Without deciding whether defendant can present an estoppel defense, we note that estoppel is not favored by our courts and should only be available to a party who is in good faith and has exercised such diligence as would reasonably be expected under the circumstances. Kibbe v. Lege, 604 So.2d 1366 (La.App. 3rd Cir.1992), writs denied 606 So.2d 540, 541 (La.1992). The trial court based its grant of summary judgment on the application of the doctrine of equitable estoppel. Because intent and knowledge of the party is an essential element of estoppel, Shirey v. Campbell, 151 So.2d 557 (La.App. 2nd Cir.1963); Rodden v. Davis, 293 So.2d 578 (La.App. 3rd Cir.1974), writ denied, summary judgment is not appropriate.
Further, based on the documentation submitted in support of and in opposition to summary judgment, as outlined above, it is clear that material factual issues exist concerning the validity of the contingency fee contract and the disbursements made pursuant thereto.
For the foregoing reasons, we vacate the grant of summary judgment and remand this matter to the trial court for trial on the merits. Appellee is cast for all costs of this appeal.

VACATED AND REMANDED.