LOTTINGER, Judge.
Ann and Michael Welch, doing business as Servicemaster of St. Tammany Parish, filed this suit against South Central Bell Telephone Company, seeking $400,000.00 for loss of business earnings and mental anguish allegedly sustained as a result of defendant’s omission of plaintiffs’ advertisement in the yellow pages. Plaintiffs seek recovery for breach of contract and negligence. The defendant filed a motion for summary judgment contending that an exculpatory clause in an advertisement contract limited its liability to the amounts charged for publication. The district court agreed and granted the motion for summary judgment.
Plaintiffs appealed. They complain that the trial court erred in holding that the exculpatory clause applied to them under the circumstances of this case. They also contend that the advertisement contract is adhesive and, as such, is invalid because it violates public policy.
We need not address the substantive issues raised by the plaintiffs because, on the record before us on appeal, the defendant has not met the requirements for summary judgment. La.C.C.P. arts. 966, 967.
THE FACTS
In September, 1978, the plaintiffs entered into a contract with Directory Service for Yellow Pages (Directory Service), a division of Frank C. Nahser, Inc., for placement of an advertisement and two listings in the telephone book yellow pages. Directory Service, which is apparently an advertisement agency specializing in selling and designing ads for the yellow pages, designed the plaintiffs’ ad and then submitted it for publication to the defendant who, plaintiffs allege, was paid about $700.00 for the service. The plaintiffs state that Directory Service did everything required of it under the contract with the plaintiffs. However, they claim South Central Bell negligently failed to publish the ad and breached its contract with Directory Service. Plaintiffs claim Directory Service was acting on their behalf and that South Central Bell is therefore liable to them for breach of contract.
South Central Bell answered with a general denial. It then filed a motion for production of documents and, eight months later, a motion for summary judgment. The text of the latter motion mentions certain attachments to plaintiffs’ pleadings and a deposition of Michael Welch. None of these is in the record. However, attached to the motion is a copy of an order form/contract between Michael Welch and Directory Service.[1] Also attached to the motion is a defense counsel memorandum making note of the exculpatory clause in the order form/contract between Welch and Directory Service and ostensibly contending that the exculpatory clause inures to the benefit of South Central Bell.
Some three months after the summary judgment motion was filed, an affidavit was filed in the record, apparently on behalf of the defendant. The affiant is Sandra A. Halpin of Chicago, Illinois, who states that she is associate director for Directory Services for Yellow Pages. She states that “she is familiar with the Ruben *202 H. Donnelly Corporation agreement for National Yellow Pages Service . . . . ” She quotes from “Subsection Seven” of the “attached” agreement. However, the agreement is not attached and is not in the record. Subsection Seven, as quoted in the affidavit, purports to be an exculpatory clause limiting the liability of “RHD (Ruben H. Donnelly), the various publishers and their respective agents and employees” for failure to publish directory advertisements.[2] Ms. Halpin states further that the quoted clause “is specifically required by the publisher, South Central Bell Telephone.”
Confused? So are we. Who is Ruben H. Donnelly and how did he and his corporate namesake get involved in this lawsuit? What connection does South Central Bell have with any of these parties? Who is under contract with whom for yellow page advertising and publication, and what contractual link is there between the plaintiffs and the defendant?
None of these questions is answered in the record before us. Many issues of fact and law remain open. The mover for summary judgment must prove by the pleadings, depositions, affidavits, and answers to interrogatories and admissions on file that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.C.C.P. 966. South Central Bell failed to meet the test.
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed at defendant’s costs.
REVERSED.

. The following clauses appear in the contract between Welch and Directory Service:
“The liability of the Directory Service for Yellow Pages in connection with any error or omission in publication of, or failure to publish, any item of advertising in any issue of any directory shall be limited to the charges for the publication in such issue of the item of advertising involved, excluding charges for cuts, engravings or electrotypes. In addition to charges for the publication of advertising, licensees will be charged and invoiced for state and local taxes as well as for engraving, electrotype, typesetting and other outside costs incurred by Directory Service for Yellow Pages.
“This agreement is subject to the regulations of the Publishing Companies applicable to publication of the advertising in their directories, and to changes or modifications, including rates and charges, authorized or directed by any regulatory body having jurisdiction.”

. The quoted clause in full reads:
“With respect to any error or omission in the publication of or failure to publish any item of the advertising in any directory, the liability of RHD (Ruben H. Donnelly), the various publishers and their respective agents and employees in the performance of their re-sponsibiiityies [sic] under this agreement shall be limited to the charges for the publication in such directory of the item of the advertising involved. No adjustment shall be made in any advertising charges for reason of suspension or termination of telephone service.”