476 So.2d 925 (1985)
VASSALLO, INC., Appellee,
v.
SOUTHWESTERN PACKING & SEALS CO., Appellant.
No. 17221-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1985.
*926 Hargrove, Guyton, Ramey & Barlow by A.L. Wedgeworth, III and John N. Bellinger, Shreveport, for appellee.
Burnett, Sutton, Walker & Callaway by Bobby D. Sutton, Shreveport, for appellant.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
NORRIS, Judge.
In this suit on a contract, the plaintiff moved for a summary judgment. The trial court granted a partial summary judgment for the amount of the debt allegedly proved by the plaintiff, Vassallo Inc. ("Vassallo"), and reserved the issue of attorney fees. The defendant, Southwestern Packing and Seals Co. ("Southwestern"), appeals, urging that the materials filed in evidence failed to resolve every genuine issue of material fact. We find that the record does not show that the mover complied with the procedural requirements for a summary judgment. We reverse and remand.
The contract at issue is a detailed document. Vassallo, the manufacturer, and Southwestern, the distributor, had worked together in a distributorship agreement on an open account basis. When Southwestern fell behind in payments, it proposed a contract. This contract provided for repayment of the debt of $42,420.11 to Vassallo within three months. The debt was to be reduced in three ways: by cash payments to Vassallo, by return of inventory to Vassallo, and by credit for commissions earned but not paid by Vassallo. Vassallo accepted the contract in April 1983. By August 1983, when Vassallo filed this suit, the debt had been reduced to $28,409.27 by crediting unpaid commissions. Southwestern answered the suit with general denials of liability.
Vassallo moved for a summary judgment over a year later, on October 5, 1984. Its motion requested judgment "as prayed for in plaintiff's original petition." Southwestern filed an opposing affidavit, claiming that the plaintiff had allowed insufficient credit on its account. The trial court granted a partial summary judgment for $8,005.33.
A motion for summary judgment should be granted only if the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. We have examined the materials available to the trial court. The transcript advanced to us originally contained only Vassallo's motion for summary judgment "as prayed for." This is not sufficient to prove the sum of $8,005.33 that was finally awarded by the trial court. Several months later, however, Vassallo moved to supplement the record by adding an affidavit which describes how the figure of $8,005.33 was calculated. This affidavit refers to three attached exhibits which allegedly prove the payments, credits and commissions to which Southwestern was entitled. Affidavits and supporting materials for summary judgments are governed by LSA-C.C.P. art. 967, which provides in part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be *927 admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits. (Emphasis supplied.)
We are unable to determine, even from the supplemented record, that the exhibits now relied on were sworn or certified; nor can we see that the exhibits were attached to, or served with, the affidavit. The affidavit filed with us has nothing attached to it.
Clouding the situation even more, the exhibits forwarded to us and not attached, do not precisely correspond to the affidavit. While the affidavit refers to Exhibit "A" as a copy of the contract, our Exhibit "A" is a statement for attorney fees. Furthermore, Exhibits "B" and "C" bear no file stamp or anything to support that they were filed in the record. These materials do not meet the standards of article 967.
While the record does not conclusively show that the requirements of article 967 were disregarded, we are bound to scrutinize the mover's papers very closely. We will resolve all reasonable doubts against granting a summary judgment. Ledbetter v. Myers, 438 So.2d 700 (La. App.2d Cir.1983). We will not indulge in the hypothesis that the supporting documents were verified and attached, when the record does not clearly show this. See Welch v. South Central Bell Tel. Co., 402 So.2d 200 (La.App.1st Cir.1981); Settoon v. St. Paul Fire & Marine Ins. Co., 331 So.2d 73 (La.App.1st Cir.1976).
We are always wary of hypertechnical interpretations of the law. In the instant case, however, we are faced with a procedural shortcoming that could substantially affect the defendant's rights. If Vassallo's exhibits were not attached to the affidavit, then they were probably not served with it, and may not even have been properly filed in evidence for the trial court's consideration; consequently Southwestern could not be prepared to defend against them. On appeal, Southwestern has alleged precisely this form of prejudice due to lack of notice. The technical failure to comply with article 967, coupled with appellant's claims of unfair surprise, in the context of a motion that should be sparingly granted, mandate a reversal of the judgment.
In reaching this result we do not address the substantive question of whether the documents, if properly filed and admitted, would have resolved all genuine issues of material fact. The mover is entitled to file another motion for summary judgment, with appropriate documentation, at any time.
Accordingly, the judgment is reversed and the case is remanded for further proceedings. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.