YELVERTON, Judge.
Leslie G. Seale appeals a summary judgment against him in favor of First National Bank of Commerce, Lafayette, for the unpaid balance of charges from the use of a credit card. The plaintiffs motion for summary judgment was supported by affidavits and other proof of the balance owed. The defendant filed nothing in response to the motion. Summary judgment was granted for the unpaid balance plus interest and 25% attorney’s fees. We affirm.
The sole issue before us is whether summary judgment was proper. The sworn statements of an officer of the plaintiff bank and the collection manager established that the defendant owed a balance of $1311.65. The attached credit card agreement showed that 25% attorneys fees were due in the event collection by an attorney became necessary.
The defendant, appearing in proper person, was present at the hearing on the motion for summary judgment, but he failed to file or introduce countervailing affidavits or present any admissible evidence. The plaintiffs motion was accordingly granted and judgment was rendered.
Summary judgment procedure is governed by articles 966 and 967 of the Code of Civil Procedure. Article 967 provides in pertinent part that:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits *149 or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
In discussing the situation where an adverse party fails to provide evidence of the existence of a genuine issue the Louisiana Supreme Court has said:
“The 1966 Comment to C.C.P. 966 states that article 966 and article 967 were amended to accord with 1963 amendments to Rule 56 of the Federal Rules of Civil Procedure. The Notes of Advisory Committee on 1963 Amendment, Subdivision (e), the source provision of C.C.P. 967, observe, with respect to this question, that where ‘evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.’ U.S.C. § 28, Federal Rules of Civil Procedure Rule 56. It is for this reason that article 967 provides that in the absence of a sufficient response, summary judgment shall be rendered ‘ if appropriate.’ On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.”
Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
The plaintiff submitted two formal affidavits. The affidavit of Mr. Charles Le-Blanc read as follows:
“That he is the Collection Manager of plaintiff, First National Bank of Commerce, herein.
“That he is familiar with the account of the defendant herein, and that the balance presently due and owing thereon is in the amount of $1311.65.
“Affiant further states that the amount sued upon herein represents the balance due and owing on account of the purchase price of goods, wares, merchandise, and/or services sold and delivered unto defendant on open account and that there is no dispute whatsoever regarding the quantity or quality of the delivery and receipt of the goods and/or services sold and delivered to the defendant.
“That the defendant has repeatedly acknowledged the correctness of the amount claimed, but that despite this there is still due and owing as of this date the amount sued upon.”
The affidavit of Mr. John Richardson, an officer of the plaintiff bank, reads substantially the same. The defendant presented no admissible evidence in response to the motion. The plaintiff’s documents were sufficient to resolve all material fact issues. See Simmons Co. v. Furniture Distrib. of Plaquemines Par., 221 So.2d 672 (La.App. 4th Cir.1969), writ ref’d 254 La. 461, 223 So.2d 869 (1969). The burden then shifted to the defendant to present evidence showing that material facts were still at issue. Sanders, supra. Because he failed to respond, the summary judgment was properly rendered against him, and the trial court judgment is affirmed, appellant to pay the costs of this appeal.
AFFIRMED.