WILLIAMS, Judge.
In this action to recover sums due on a revolving Mastercard account, defendant, Chloe C. Boullion appeals the trial court’s judgment granting • plaintiff s motion for summary judgment. We reverse and remand.
FACTS
Hibernia National Bank brought suit against Chloe C. Boullion to recover sums due on a revolving Mastercard account. The suit was for $1,233.25, plus interest, attorney’s fees and costs.
’The defendant was served and filed an exception of vagueness. In response, the plaintiff filed into the record statements on the Mastercard account. The defendant then filed an answer asserting that payment had been made of all amounts due. She also questioned several charges placed on the account after the credit card was terminated, including membership fees.
Plaintiff filed a motion for summary judgment, supported by an affidavit, against the defendant. The defendant did not file countervailing affidavits nor any other admissible evidence in response to the motion for summary judgment. After a hearing, the trial court took the matter under advisement. Subsequently, the trial court granted the plaintiff’s motion for summary judgment.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Mosely v. Dairyland Ins. Co., 614 So.2d 792 (La.App. 2d Cir.1993); Leonard v. Stephens, 588 So.2d 1300 (La.App. 2d Cir.1991); Vassallo, Inc. v. Southwestern Packing & Seals, 476 So.2d 925 (La.App. 2d Cir.1985).
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
The party who moves for summary judgment has the burden of clearly showing that there is no genuine issue of material fact in dispute. In determining if the mover has satisfied his burden, the court will closely scrutinize the pleadings, affidavits and documents of the mover and will resolve any reasonable doubt as to the existence of a genuine issue of material fact against the mover and in favor of trial on the merits. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Mosely v. Dairyland Ins. Co., supra; Leonard v. Stephens, supra.
If the supporting documents presented by the moving party are insufficient to resolve all material facts at issue, summary judgment must be denied. If sufficient, the burden shifts to the opposing party to present supporting evidence showing that material facts are still at issue. LSA-C.C.P. Art. 967. A summary judgment is not a substitute for a trial on the merits. *1189 Mosely v. Dairyland Ins. Co., supra; Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983).
Appellate courts review summary judgment de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder, supra, (citing GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711 (5th Cir.1985) and McCrae v. Hankins, 720 F.2d 863 (5th Cir.1983)).
In the instant case, plaintiff filed copies of various monthly credit card statements, an unsigned, standard credit card agreement and an affidavit of an assistant vice-president of the bank. This affidavit merely indicates the total balance due. There are several statements in the record indicating balances were due on various dates, but there is no proof whatsoever of the basis for the total amount claimed to be due. No verified detailed statement of the charges on the account was presented nor any other proof of the principal, interest and attorney fees due by the defendant.
In sum, plaintiff has not presented sufficient evidence to prove its entitlement to summary judgment for the sum of $1,233.25, plus interest, attorneys fees and costs. Thus, based upon the evidence filed in the record, summary judgment was inappropriate. See Vassallo, Inc. v. Southwestern Packing & Seals, supra.
Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.