648 So.2d 991 (1994)
BANK OF LOUISIANA
v.
William L. BERRY.
No. 94-CA-576.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1994.
*992 Robert T. Wakefield, Newman, Mathis, Brady, Wakefield & Spedale, Metairie, for plaintiff/appellee, Bank of Louisiana.
Bruce M. Danner, Metairie, for defendant/appellant, William L. Berry.
Before KLIEBERT, C.J., CANNELLA, J., and BOUTALL, J. pro. tem.
JOHN C. BOUTALL, Judge pro. tem.
The defendant, William L. Berry, appeals from a judgment in favor of plaintiff, Bank of Louisiana, for $4,022.81 plus interest, attorney fees and costs. We affirm.
On August 20, 1993, the Bank of Louisiana filed suit against Mr. Berry to collect monies due on a revolving Mastercard account. Attached to the petition were a copy of defendant's account statement and a copy of the credit card agreement issued by plaintiff. Mr. Berry filed a pleading styled "Answer and Affirmative Defenses" denying plaintiff's allegations and further alleging that he had not been served with a copy of the credit card agreement attached to the petition. No other affirmative defenses were alleged in defendant's answer.
On October 14, 1993, the Bank of Louisiana filed a motion for summary judgment. Attached to the motion was an affidavit executed by Charles V. Machado, Vice President of the Bank of Louisiana. In the affidavit, Mr. Machado averred that he was familiar with the account of defendant, and that the balance due and owing on that account was $4,022.81. Mr. Berry did not file any responsive pleadings or countervailing affidavits to this motion.
A hearing on the motion for summary judgment was had on March 22, 1994. At its conclusion, the trial court rendered judgment in favor of plaintiff for the unpaid balance on the Mastercard account, plus 18.84% interest per annum and 25% principal and interest as attorney fees and costs.
Mr. Berry filed a motion for new trial alleging that the Bank of Louisiana failed to present sufficient evidence to support the granting of the summary judgment and that there was no basis for the award of attorney fees. After a hearing, the trial court denied the motion for new trial and this appeal ensued.

ANALYSIS
La.C.C.P. art. 966 provides that a motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The appropriate considerations for evaluating a motion for summary judgment were set forth in Manders v. Singleton, 558 So.2d 772, 774 (La.App. 5 Cir.1990):
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The court further noted, however, that:
The party opposing the motion for summary judgment is not in every instance required to file a counter-affidavit or other receivable evidence. The court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not the motion must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Parker v. Sears, Roebuck & Co., 418 So.2d 1361 (La.App. 2nd Cir.1982), on rehearing.
In Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992), the Louisiana Supreme Court observed that "[a]ppellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of *993 whether a summary judgment is appropriate."
In this case, the plaintiff produced defendant's statement of account reflecting the balance due at the time of the filing of the petition, an affidavit executed by the vice president of the bank attesting to the correctness of the account statement and a copy of the credit card agreement between the bank and the defendant card holder. These documents, challenged only by a general denial made by the defendant to the contrary, were sufficient to resolve all material facts issues. Thus, it became incumbent upon the defendant to prove that there were still unresolved issues of material fact. Defendant did not produce any evidence to negate the evidence presented by the bank and/or to raise any issues of fact which would preclude summary judgment. We, therefore, conclude that the trial court did not err in granting the motion for summary judgment filed by Bank of Louisiana. Compare First Nat. Bank of Commerce v. Seale, 484 So.2d 148 (La.App. 3 Cir.1986).
Defendant relies on the case of Hibernia Nat. Bank v. Boullion, 622 So.2d 1187 (La.App. 2 Cir.1993) for the proposition that the bank must present a detailed and verified statement of the charges on the account in order to constitute sufficient evidence. In that case, as in the present case, the bank filed suit to recover sums due on a revolving Mastercard account. The defendant filed an answer in which she alleged that she had paid all amounts due under the account and that several charges had been placed on the card after the account had been closed. The bank moved for summary judgment, and supported its motion with an affidavit. This affidavit was held to be insufficient to support the motion for summary judgment, the defendant having raised these issues as to the propriety of the amount due on the account.
In this case, the defendant does not allege satisfaction of the debt or that charges on the account are inappropriate, he merely asserted a general denial to plaintiff's allegations. The Boullion case is inapplicable to this suit and defendant's reliance on same is misplaced.
Mr. Berry also argues that the evidence presented was insufficient to support the motion for summary judgment because the credit card agreement attached to plaintiff's petition contains no signature. However, as per the credit card agreement, the contract between the parties was perfected upon use of the card by Mr. Berry and no signature was needed. La.C.C. art. 1927.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against defendant/appellant, William L. Berry.
AFFIRMED.