JiSTEWART, Judge.
Defendants appeal a summary judgment whereby they were found liable to plaintiff for one-half of the balance due on a promissory note they assumed through the execution of an assumption deed in favor of the original makers. We reverse and remand.
FACTS
On September 27, 1979, James C. Steele, III and Gloria Dyke Steele executed a $220,-000 promissory note in favor of the Federal Land Bank of New Orleans (FLB) for the purchase of a 259.22 acre farm in Morehouse Parish, Louisiana. The debt had a variable interest rate beginning at 9.25% per annum, payable in twenty-five annual installments, the first due on January 1,1980. Additionally, a mortgage on the property secured the indebtedness and provided that the “Mortgager will not sell, mortgage, or otherwise alienate the property herein described without the written consent of the Mortgagee.”
Sometime in 1981, the Steeles agreed in principle to convey a one-half interest in the mortgaged property to Marvin Glen Bassett and Linda Steele Bassett for and in consideration that the Bassetts agree to assume one-half the indebtedness due under the mortgage, subject to FLB’s approval under the aforementioned pact de non alienando. Before executing the proposed sale of the property, Mr. Steele contacted the president of FLB and obtained a verbal representation that the conveyance met with his approval, but that the president needed to check with the FLB. Thus, on May 21, 1982, believing the approval would ultimately be granted, the Bassetts executed a sale and assumption *208 deed to purchase the one-half interest in the farm. This document, recorded in More-house Parish on May 25, 1982, contained assumption language which provided in pertinent part:
| gThis sale is made and accepted for and in consideration of the price and sum of ONE HUNDRED SIX THOUSAND FOUR HUNDRED NINETY EIGHT and 56/100 DOLLARS ($106,498.56) which the vend-ees [the Bassetts] are to pay by the assumption of one-half of a certain indebtedness due under a mortgage from James C. Steele, III, and Gloria Dyke Steele of P.O. Box 7137, Monroe, Louisiana 71203, to The Federal Land Bank of New Orleans, and said mortgage being recorded in Mortgage Book 292, page 445, under instrument number [sic] #51821, records of More-house Parish, Louisiana, and being recorded on September 27, 1979.
The Bassetts claim in their answer and in their opposition to summary judgment and accompanying brief that they understood their execution of the deed to be conditioned upon FLB consenting to the sale. The Bas-setts allege that FLB later refused to consent to the sale and declared that it considered it to be invalid and of no effect. However, at that time, no one made an attempt to rescind the purchase, and the Bassetts made two annual interest payments on the note to the Steeles, even though they claim one occurred in 1981, prior to the purchase date.
On February 19, 1986, FLB filed suit against the Steeles in the Fourth J.D.C. for Ouachita Parish seeking to enforce the note and recognize the mortgage. Farm Credit Bank of Texas (“FCB”) later substituted itself as a party plaintiff for FLB. Pursuant to FCB’s summary judgment, the trial court rendered judgment in favor of FCB and against the Steeles in the amount of $402,-574.66. Neither FLB nor FCB named the Bassetts as parties to that suit. Thereafter, FCB caused the property to be seized and sold under a writ of fieri facias and purchased the property at the Sheriffs sale for $90,000, of which $86,357.10 was applied to the note after expenses. Apparently, the first time FCB notified the Bassetts of the proceedings against the Steeles occurred in connection with the public sale.
During the pendency of the proceedings against the Steeles, the Bassetts, by written instrument dated September 24, 1990, and recorded September 26, 1990, reconveyed all their interests in the subject farm back to the Steeles. The Bassetts ^contend that they and the Steeles mutually agreed to “undo” the first transaction because both parties to the original sale considered the assumption deed to be null and ineffective upon FLB’s refusal to consent to the purchase. Thus, no sale ever occurred and the subsequent transaction just clarified matters.
However, not to be outdone, FCB filed this suit against the Bassetts to recover one-half of the Steeles’ original indebtedness which defendants assumed by virtue of the first sale. The Bassetts answered by asserting that they did not owe any amount under the note or the assumption deed because the sale from the Steeles lacked consideration and neither FLB or FCB ever accepted the benefit of the assumption to which they had not been parties.
On May 7, 1993, FCB filed a motion for summary judgment along with an affidavit of Herb Haynes, its regional vice-president, showing the extent of the indebtedness as well as the record of the suit against the Steeles. The district court granted the motion in written reasons dated July 21, 1993 and signed a judgment to that effect on October 28, 1993. In its reasons for judgment, the trial court relied upon Haynes’ affidavit as proof of the Bassetts’ indebtedness. The court subsequently rejected the Bassetts timely motion for new trial and defendants perfected this appeal. We reverse and remand.
DISCUSSION
Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). Motion for summary judgment is a procedural device to avoid a full scale trial when there is no genuine factual dispute. The motion should *209 be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, | together with affidavits, if any, show that there is no genuine issue of material fact and that the party seeking summary judgment is so entitled as a matter of law. LSA-C.C.P. Art. 966; Ouachita Nat Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App. 2d Cir.1991), writ denied, 587 So.2d 695 (La.1991).
In the instant case, we find that the issue of the amount which the Bassetts would owe has not been definitively established. Herb Haynes’ affidavit attests to “personal knowledge, or knowledge based upon review of the business records maintained in the ordinary course of business.... ” We find that this affidavit is defective for purposes of summary judgment because the business records referred to were not made part of the attachments as is required by law. LSA-C.C.P. Art. 967; Hibernia Nat. Bank v. Boullion, 622 So.2d 1187 (La.App. 2d Cir.1993). Haynes may have had personal knowledge of the situation, but the wording of his affidavit is unclear as to what he actually relied upon. While the record does not conclusively show that the requirements of article 967 were disregarded in that Haynes may have had personal knowledge of the facts to which he attests, we are bound to scrutinize the mover’s papers very closely. We will resolve all reasonable doubts against granting a summary judgment. Comfort Heating & Air Conditioning v. Brock, 476 So.2d 927 (La.App. 2d Cir.1985); Ledbetter v. Myers, 438 So.2d 700 (La.App. 2d Cir.1983).
We note that PCB provided the court with the judgment rendered against the Steeles as proof of the amount owed. However, the judgment is not an adequate business record for purposes of determining the Bassetts’ liability. Even if the Bassetts and the Steeles are liable in solido for the debt, FOB has not shown that the parties’ liability is identical. There may be “different defenses, different prescriptive ^periods, different beneficiaries, in some eases, and different elements of damages” giving rise to the extent of each debtor’s liability from which they are commonly bound. Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192 (La.1983).
Additionally, we have not been provided with documentation on the variable interest rate; viz-a-viz, the new interest rates and the time these rates went into effect. We are also unable to reconcile the disparity between the original principal balance of $220,000.00 and the $231,077.26 deemed owed. Without that, we are left with a genuine factual dispute as to the amount actually owed. Furthermore, the language of the assumption deed is ambiguous in its description of what the Bassetts agreed to assume. There is a disputable issue concerning whether the Bas-setts agreed to pay one half of the indebtedness due on the note or one half of the purchase price of the property.
In sum, FOB has not presented sufficient evidence to prove its entitlement to summary judgment. Giving the Bassetts their due indulgence, we find that these issues preclude summary judgment. Therefore, the case is remanded for further proceedings. Costs of the appeal are charged to FCB.
REVERSED AND REMANDED.