997 So.2d 887 (2008)
CHASE BANK USA, N.A., Plaintiff-Appellee
v.
Vincent L. LEGGIO, Defendant-Appellant.
No. 43,567-CA.
Court of Appeal of Louisiana, Second Circuit.
November 19, 2008.
*888 David M. Lefeve, David A. Szwak, Shreveport, for Appellant.
Linda L. Lynch, Gregory M. Eaton, Baton Rouge, Brandon T. Morris, Shreveport, for Appellee, Chase Bank USA, N.A.
William G. Cherbonnier, Jr., Garth J. Ridge, Baton Rouge, Steven R. Conley, David L. Koen, New Orleans, Marisa C. Katz, for Appellee, National Association of Consumer Advocates.
Before WILLIAMS, STEWART and LOLLEY, JJ.
WILLIAMS, J.
The defendant, Vincent Leggio, appeals a judgment in favor of the plaintiff, Chase Bank USA, N.A. The trial court ordered defendant to pay damages in the amount of $8,632.29, confirming an arbitration award. For the following reasons, we reverse and render.

FACTS
In June 2005, Vincent Leggio obtained a credit card account from Bank One. After this account went into default, Leggio was contacted by a debt collection firm claiming the right to collect on the Bank One account and demanding arbitration. According to Leggio, he demanded proof of a written agreement to arbitrate and received only a generic consumer credit contract, not a copy of any document signed by him. In February 2007, Leggio sent written notice to the debt collector and Chase Bank USA, the successor of Bank One, that he had never agreed to arbitrate disputes regarding the account. Nevertheless, the collection firm proceeded with an arbitration before the National Arbitration Forum (NAF) in the State of Minnesota. Leggio was not present at that hearing. On March 28, 2007, the arbitrator issued an award of $8,632.29 in favor of the claimant, Chase Bank USA, N.A. ("Chase"). In June 2007, the plaintiff, Chase, filed a petition to confirm the arbitration award against the defendant, Leggio, who filed an answer denying the allegations. In August 2007, Chase filed a *889 motion to confirm the arbitration award and to compel discovery.
After a hearing, the trial court rendered judgment against the defendant, confirming the arbitration award in the amount of $8,632.29, with interest of 9.5% from March 28, 2007. The defendant's motion for new trial was denied. In January 2008, the trial court granted defendant's motion to file his deposition as a proffer of evidence and denied plaintiff's motion to strike the proffer. The defendant appeals the judgment.

DISCUSSION
The defendant contends the trial court erred in confirming the arbitration award. In a number of assignments of error, defendant argues that plaintiff has failed to show that a valid arbitration agreement existed between the parties under relevant statutory and case law.
The Federal Arbitration Act (FAA), 9 U.S.C. Section 1, et seq. is applicable in this case, which involves a purported credit card account pursuant to a transaction in interstate commerce. We note that the FAA language is very similar to the provisions of the Louisiana Arbitration Law, LSA-R.S. 9:4201, et seq. A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, shall be valid and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. Section 2; LSA-R.S. 9:4201.
Initially, we note plaintiff's argument that defendant is barred from raising a defense to the arbitration award because he failed to take action within 90 days of delivery of the award. Plaintiff's contention is based upon 9 U.S.C. Section 12, which provides that a notice of a motion to vacate, modify or correct an award must be served upon the adverse party within three months after the award is delivered.
The determination of whether there is a valid written agreement to arbitrate the controversy is a first and crucial step in any confirmation proceeding before a court. MCI Telecommunications Corp. v. Exalon Industries, Inc., 138 F.3d 426 (1st Cir.1998). In MCI, supra, the court found no indication that Congress intended that a party be found to have waived the defense that there was no valid written arbitration agreement if the party failed to raise the issue within the time period provided in Section 12. The time limitation imposed by Section 12 is not at issue unless there is a valid written agreement to arbitrate. MCI, supra. Thus, contrary to the plaintiff's contention, the defendant was entitled to raise the lack of a valid contractual agreement to arbitrate as a defense to the proceeding to confirm the arbitration award. Consequently, the trial court erred in declining to consider and make a finding on this issue.
Arbitration is a matter of contract and a party cannot be compelled to submit a dispute to arbitration if he has not agreed to do so. AT & T Technologies, Inc. v. Communication Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). In determining whether the parties have agreed to arbitrate the dispute in question, the court must consider whether a valid agreement to arbitrate exists between the parties, keeping in mind the public policy favoring arbitration. PaineWebber Incorporated v. The Chase Manhattan Private Bank, 260 F.3d 453 (5th Cir.2001). Although the FAA preempts state law in cases involving *890 transactions which affect interstate commerce, states retain the ability to regulate contracts involving arbitration agreements and may do so under general contract law. Thus, states may invalidate an arbitration clause upon any grounds that could be used for revocation of a contract. Allied-Bruce Terminix Co., Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); Aguillard v. Auction Management Corp., 04-2804, 04-2857 (La.6/29/05), 908 So.2d 1. A contract is formed by the consent of the parties. LSA-C.C. art.1927.
In the present case, the plaintiff submitted an unsigned and undated generic "Cardmember Agreement" that includes a section titled "Arbitration Agreement." Plaintiff asserts that defendant previously received a similar document. However, the plaintiff did not introduce into evidence a copy of the cardmember agreement which was originally mailed to the defendant when the credit card was issued by Bank One. In his sworn statement filed as a proffer of evidence, the defendant stated that he was not offered a cardmember agreement containing an arbitration clause when the credit account was opened.
The plaintiff relies on the allegation of implied consent based upon defendant's use of the credit card as an acceptance of all of the terms printed in the generic cardmember document. Plaintiff cites Bank of Louisiana v. Berry, 94-576 (La. App. 5th Cir. 12/14/94), 648 So.2d 991, and other cases, in support of the position that the use of a credit card constitutes agreement to all of the credit terms without a signed contract. Although in Berry, supra, the court found that use of a credit card created liability for credit purchases without the debtor's signature, the issue of whether such use of credit implied consent to arbitration was not before the court.
A consumer who uses a credit card could reasonably be presumed to understand that he will be responsible to pay for the goods purchased with credit, even though he has not signed a contract providing for such liability. However, the mere use of a credit card would not logically give rise to the presumption that the consumer thereby understood that he was consenting to arbitration of any dispute concerning such use, particularly when there has not been a showing that the debtor received notice of the alleged arbitration clause. Arbitration is a restriction of a party's access to the courts and consent to such a process should not be casually presumed.
Further, unlike the situation in Aguillard, supra, this case does not involve a document containing the defendant's signature, by which the court could presume that the defendant had read and understood all of the terms of the written instrument. To the contrary, here the plaintiff failed to demonstrate that defendant ever received or signed a "Cardmember Agreement" which actually contained the arbitration clause language at issue. Thus, the evidence that the defendant used the credit card was not sufficient to show, by itself, that defendant was put on notice of and agreed to the arbitration clause.
Based upon this record, the plaintiff has not demonstrated that the defendant ever consented to arbitration. Consequently, the plaintiff failed to establish that a valid agreement to arbitrate was formed between the parties and the arbitrator lacked jurisdiction over the dispute. Thus, the trial court erred in confirming the arbitration award. In reaching the conclusion that a valid arbitration agreement did not exist between the parties, we make no finding with respect to the issues of whether the debt was owed or the amount of the alleged debt. The plaintiff may *891 pursue other methods of collection as permitted by law.

CONCLUSION
For the foregoing reasons, the trial court's judgment is reversed, and judgment is hereby rendered in favor of the defendant, Vincent Leggio, dismissing the plaintiff's petition to confirm the arbitration award. Costs of this appeal are assessed to the appellee, Chase Bank USA, N.A.
REVERSED AND RENDERED.