999 So.2d 155 (2008)
CHASE BANK USA, N.A., Plaintiff-Appellant
v.
Vincent L. LEGGIO, Defendant-Appellee.
Nos. 43,751-CA, 43,752-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
*156 Eaton Group Attorneys, L.L.C., by Gregory M. Eaton, Linda L. Lynch, Baton Rouge, Klotz, Simmons & Brainard, by Brandon T. Morris, Shreveport, for Appellant.
Bodenheimer, Jones & Szwak, by David A. Szwak, Shreveport, for Appellee.
Before WILLIAMS, STEWART and DREW, JJ.
STEWART, J.
The plaintiff, Chase Bank USA, N.A., appeals two judgments denying their petitions to confirm two separate arbitration awards against the defendant, Vincent L. Leggio. For the following reasons, we affirm.

FACTS
On June 1, 2007, Chase filed two petitions to confirm arbitration awards rendered against Leggio due to his default on credit card debts. The petitions were filed under Docket Numbers 2007R04187 and 2007R04189 in Shreveport City Court and sought confirmation of awards in the amounts of $7,260.97 and $7,014.65, respectively, each with 9.5% interest from March 28, 2007, plus costs.
Leggio answered the petitions by denying the allegations and asserting various defenses, including that he never agreed to arbitration.
The matters proceeded to trial on February 13, 2008. Because the same issues were involved in both matters, the parties agreed to consolidation for trial purposes. Chase's counsel argued that the arbitration requirement was part of the credit card agreements entered by Leggio, that the awards had already been arbitrated, and that Leggio did not timely object to *157 the awards. Leggio's counsel argued that Leggio never agreed to arbitration, thus the awards were invalid.
Leggio admitted that he had opened the credit card accounts with Chase, that he defaulted on the accounts, and that he received notice that Chase intended to arbitrate. However, he insisted that he never agreed to arbitrate any disputes regarding the accounts with Chase.
The first notice was a debt collection letter dated January 5, 2007, from a Georgia law firm, Mann Bracken, L.L.C., which represented Chase. The letter informed Leggio that the original credit card contract provided for resolution of claims by binding arbitration and that legal remedies would be sought to enforce a favorable arbitration award. The letter instructed Leggio to notify Mann Bracken within 30 days of receiving the letter if he disputed the validity of the debt.
Mann Bracken sent a second letter dated February 6, 2007, notifying Leggio that a claim had been filed with the National Arbitration Forum ("the Forum"). Included with the letter was a "Notice of Arbitration" from the Forum explaining that Leggio had 30 days to respond from receipt of service.
Leggio mailed letters dated February 15, 2007, to Mann Bracken and to Chase Bank disputing the debt and asserting that he never entered an agreement to arbitrate.
Leggio recorded a phone conversation he had with a representative of Mann Bracken on February 23, 2007. The representative informed Leggio that the call was for debt collection purposes. Leggio stated that he did not have any money and would not be able to pay anything. The representative informed him that the arbitration process would proceed, and Leggio stated that he had not agreed to arbitration. She explained that he did not have to agree to it and suggested that an award would be rendered in favor of Chase because he had actually used the credit card.
On or about March 29, 2007, Leggio received copies of the arbitration awards rendered against him in the amounts of $7,260.97 and $7,014.65, each with 9.5% interest from March 28, 2007.
The trial court refused to confirm the awards. It concluded that there was no proof that Leggio agreed to arbitration; therefore, Chase would have to file suit against him and litigate its claims. Separate judgments were rendered denying Chase's petitions to confirm. Both have been appealed.[1]

DISCUSSION
In arguing that the trial court erred in failing to confirm the awards, Chase asserts that the credit card agreements with the arbitration terms were filed in the record and that the arbitrator had already reviewed them and found them to be valid and enforceable. Chase also argues that Leggio failed to commence an action to vacate, correct, or modify the awards within the required time.
The same essential issues were before this court in Chase Bank USA, N.A. v. Vincent L. Leggio, 43,567 (La.App. 2nd Cir.11/19/08), 997 So.2d 887, which likewise *158 involved a petition to confirm an arbitration award entered against Leggio even though he maintained that he never agreed to arbitrate.[2] The trial court confirmed the awards. Leggio appealed, arguing that Chase failed to show that a valid arbitration agreement existed between the parties. This court rendered a judgment reversing the trial court's confirmation of the arbitration award. The same reasoning set forth in Chase Bank USA, N.A. v. Vincent L. Leggio, supra, applies here and supports our decision to affirm the trial court's judgment. Therefore, we adopt the reasoning set forth in the prior opinion.
The Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., applies in this case involving a credit card account pursuant to transactions in interstate commerce. The language of the FAA is very similar to the provisions of the Louisiana Arbitration Law, La. R.S. 9:4201, et seq.
A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, shall be valid and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2; La. R.S. 9:4201.
Under 9 U.S.C. § 12, a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. Chase argues that Leggio failed to take action within the applicable time period and is now barred from raising a defense to the arbitration.
The determination of whether there is a valid written agreement to arbitrate the controversy is a first and crucial step in any confirmation proceeding before a court. MCI Telecommunications Corp. v. Exalon Industries, Inc., 138 F.3d 426 (1st Cir.1998). In MCI, supra, the court found no indication that Congress intended that a party be found to have waived the defense that there was no valid written arbitration agreement if the party failed to raise the issue within the time period provided in Section 12. The time limitation imposed by Section 12 is not at issue unless there is a valid written agreement to arbitrate. Id. Thus, contrary to Chase's contention, Leggio was entitled to raise the lack of a valid contractual agreement to arbitrate as a defense to the proceeding to confirm the arbitration awards.
Because we find that Leggio could raise the issue of lack of an agreement to arbitrate, we must now address whether the trial court erred, as claimed by Chase, in finding there was no such agreement.
Arbitration is a matter of contract, and a party cannot be compelled to submit a dispute to arbitration if he has not agreed to do so. AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). In determining whether the parties have agreed to arbitration, the court must consider whether a valid agreement to arbitrate exists between the parties, keeping in mind the public policy favoring arbitration. Paine-Webber Inc. v. Chase Manhattan Private Bank, 260 F.3d 453 (5th Cir.2001). Although *159 the FAA preempts state law in cases involving transactions which affect interstate commerce, states retain the ability to regulate contracts involving arbitration agreements and may do so under general contract law. Thus, states may invalidate an arbitration clause upon any grounds that could be used for revocation of a contract. Allied-Bruce Terminix Co., Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); Aguillard v. Auction Management Corp., 04-2804, 04-2857 (La.6/29/05), 908 So.2d 1. A contract is formed by consent of the parties. La. C.C. art. 1927.
The records in this matter include unsigned, generic copies of a "Cardmember Agreement" in such tiny, closely-spaced print as to be practically unreadable. Arbitration does appear to be addressed in the agreement. However, there is no evidence that a copy of the agreement was provided to Leggio when the credit card was initially issued. Leggio testified that when he opened the accounts, he never agreed to arbitrate disputes. He also testified that he had not received any proof from Chase that he agreed to arbitrate.
To prove that Leggio was bound by the arbitration terms in the barely legible cardmember agreements included in the records, Chase relies on the concept of implied consent based upon Leggio's use of the credit card as an acceptance of all of the terms printed in the generic cardmember document. Chase cites Bank of Louisiana v. Berry, 94-576 (La.App. 5th Cir.12/14/94), 648 So.2d 991, and other cases cited in its brief, in support of the position that the use a credit card constitutes acceptance of all the terms without the need of a signed contract. Although in Berry, supra, the court found that use of a credit card created liability for credit purchases without the debtor's signature, the issue of whether such use of credit implied consent to arbitration was not before the court.
A consumer who uses a credit card could reasonably be presumed to understand that he will be responsible to pay for the goods purchased on credit, even though he has not signed a contract providing for such liability. However, the mere use of a credit card would not logically give rise to the presumption that the consumer understood that he also consented to arbitration of any dispute concerning use of the card, particularly when there has not been a showing that the debtor received notice of the alleged arbitration clause. Arbitration is a restriction of a party's access to the courts and consent to such a process should not be casually presumed.
Further, unlike the situation in Aguillard, supra, this case does not involve a document containing the defendant's signature, by which the court could presume that the defendant had read and understood all of the terms of the written agreement. Here, the plaintiff failed to show that the defendant ever received or signed the "Cardmember Agreements" which actually contained the arbitration clause language at issue. We find that Leggio's use of the cards was not sufficient to show, by itself, that he was put on notice of and agreed to arbitration of disputes concerning the cards.
Based upon this record, Chase has not demonstrated that Leggio ever consented to arbitration. Therefore, Chase failed to establish that a valid agreement to arbitrate was formed between the parties, and the arbitrator lacked jurisdiction over the dispute in the absence of a valid agreement to arbitrate. Though we find that a valid arbitration agreement did not exist between the parties, we make no finding with respect to the issues of whether the debts are owed or the amounts of such *160 debts. Chase may pursue other methods of collection as permitted by law.

CONCLUSION
For the reasons stated and adopted from Chase Bank USA, N.A. v. Vincent L. Leggio, supra, we affirm the trial court's judgment denying confirmation of the arbitrated awards. Costs of the appeal are assessed to appellant, Chase Bank USA, N.A.
AFFIRMED.
DREW, J., concurs.
NOTES
[1] On June 26, 2008, this court issued an order to show cause why the appeal lodged from Docket Number 2007R04189 should not be dismissed for lack of a motion to appeal having been filed. This court received a response from the clerk of the Shreveport City Court explaining that an appeal had been timely filed, but through oversight, had not been presented to the judge for signing until July 15, 2008. This court then concluded by order on July 31, 2008, that the appeal had been properly taken and we consolidated the two appeals for purposes of briefing and docketing.
[2] Chase had filed a petition to consolidate the matters at issue here, Docket Nos. 43,751-CA and 43,752-CA with the matter in Docket No. 43,567-CA due to the similarity as to the parties, facts, and issues. Because the matters were scheduled to fall on different appellate calendars and not to cause delay, the motion was denied.