36 So.3d 950 (2010)
FIA CARD SERVICES, N.A.
v.
William F. WEAVER.
No. 2009 CA 1464.
Court of Appeal of Louisiana, First Circuit.
March 26, 2010.
Rehearing Denied May 12, 2010.
Gregory M. Eaton, Stacey L. Greaud, Paul E. Pendley, Baton Rouge, LA, Counsel for Plaintiff/Appellee, FIA Card Service, N.A.
Garth J. Ridge, Baton Rouge, LA, William G. Cherbonnier, Jr., Gretna LA, Steve R. Conley, Covington LA, Counsel *951 for Defendant/Appellant William F. Weaver.
Before CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
A credit card debtor appeals a judgment confirming an arbitration award. Finding no error in the ruling of the district court, we affirm.

FACTS AND PROCEDURAL HISTORY
According to the arbitration claim, and documentation submitted in conjunction therewith, FIA Card Services, N.A. (FIA Card Services), formerly known as MBNA America Bank, N.A., provided a credit account to William F. Weaver, and despite repeated demands for payment, Mr. Weaver did not pay the amounts due on the account. The credit agreement between the parties contained a mandatory arbitration provision requiring that any dispute regarding the credit account be resolved in the National Arbitration Forum (NAF) under the NAF Code of Procedure. A copy of the credit agreement was attached to the arbitration claim.
Two separate notices regarding the arbitration proceedings were mailed to Mr. Weaver at an address in Baton Rouge, Louisiana, to which he did not respond. On July 24, 2007, the NAF issued an award in favor of FIA Card Services after making the following findings: (1) that the claim was properly served on Mr. Weaver in accordance with the rules of the NAF; (2) that the claim involved interstate commerce and therefore the Federal Arbitration Act, 9 U.S.C. §§ 1-16(FAA), governed the arbitration; (3) that on or before February 22, 2007, the parties had entered into a valid, enforceable, written agreement to arbitrate that governed all the issues in dispute and no party had asserted that the arbitration agreement was invalid or unenforceable; and (4) that the evidence and applicable substantive law supported the award issued in favor of FIA Card Services.
On November 5, 2007, FIA Card Services filed a petition to confirm the arbitration award rendered against Mr. Weaver in the Nineteenth Judicial District Court. Mr. Weaver answered the petition to admit that he had received notice of the arbitration proceedings, but declared that the proceedings were conducted in an inconvenient forum that held no personal jurisdiction over him. Mr. Weaver further denied the remaining allegations of the petition, and specifically denied that he had ever entered into any type of contractual agreement with FIA Card Services. Thereafter, FIA Card Services filed a motion for issuance of a rule to show cause why judgment should not be rendered in its favor recognizing and confirming the arbitration,[1] or in the alternative, to show cause why Mr. Weaver should not be compelled to answer all outstanding discovery. Following a hearing on the rule, the district court rendered judgment in favor of FIA Card Services against Mr. Weaver in the amount of the arbitration award plus interest. Following the denial of his motion for new trial, Mr. Weaver appealed.

DISCUSSION
It is undisputed that the credit card agreement in this matter involves interstate commerce and therefore is subject to the FAA, to the extent that a provision exists in the credit agreement to submit to arbitration any controversy arising out of the agreement. See 9 U.S.C. § 2. Relying *952 on recent jurisprudence out the second and fifth circuit courts of appeal, Mr. Weaver asserts that the evidence introduced at trial does not support the judgment appealed because no proof was presented that he entered into an arbitration agreement with FIA Card Services. As a preliminary matter, we must first determine whether the district court could even consider Mr. Weaver's claim that a valid agreement to arbitrate did not exist between the parties.
In Chase Bank USA, N.A. v. Leggio, 43,751, pp. 4-5 (La.App.2d Cir.12/3/08), 999 So.2d 155, 158; Chase Bank USA, N.A. v. Leggio, 43,567, pp. 2-3 (La.App.2d Cir.11/19/08), 997 So.2d 887, 889; and NCO Portfolio Management Inc. v. Gougisha, 07-604, p. 7 (La.App. 5th Cir.4/29/08), 985 So.2d 731, 734 (on rehearing), writ denied, 08-1146 (La.9/26/08), 992 So.2d 986, the second and fifth circuits both found that a debtor's failure to adhere to the time limit imposed in the FAA[2] to vacate, modify, or correct an arbitration award did not bar the confirming court's consideration of whether a valid written agreement to arbitrate existed between the parties. Those courts held that the determination of whether a valid written agreement to arbitrate the controversy exists is a first and crucial step in any confirmation proceeding.[3] We decline to follow those decisions.
While we agree that a party should not be compelled to submit a dispute to arbitration when he has not agreed to do so, we find that Mr. Weaver's failure to timely and properly assert his objection to the arbitration proceedings precluded the district court from considering the objection in the proceeding to confirm the arbitration award in this matter, as shall be explained.
In his answer to the petition and to discovery propounded of him, Mr. Weaver admitted that he received notice of the arbitration proceedings and award, but based on his belief that the forum in which the proceedings were conducted was inconvenient and lacked authority to exercise personal jurisdiction over him, he failed to respond to or participate in the arbitration proceedings.[4]
While the FAA clearly grants a party a right to challenge an arbitration award, the grounds on which the challenge can be asserted are severely limited when a party waits until an award has been rendered to assert the challenge. Specifically, 9 U.S.C. § 9 provides that once a party applies to a court for an order confirming an arbitration award, "the court must grant such an *953 order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of title 9 of the United States Code. Section 10 provides the limited grounds by which an arbitration award may be vacated[5] as:
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C § 10(a).
Moreover, 9 U.S.C. § 12 provides that notice of the motion to vacate must be "served upon the adverse party or his attorney within three months after the award is filed or delivered." Like the third circuit in NCO Portfolio Management, Inc. v. Walker, 08-1011, p. 11 (La. App. 3d Cir.2/4/09), 3 So.3d 628, 635, we question a debtor's delayed challenge to the validity of and his consent to an arbitration agreement until after arbitration proceedings are held, an award is issued, and confirmation is sought, as the very purpose of arbitration is to relieve the courts of unnecessary litigation. We hold that because the arbitration award had not been vacated, modified or corrected, as provided for in 9 U.S.C. §§ 10-11, the district court was required to confirm the award in accordance with 9 U.S.C. § 9. Furthermore, we observe that had Mr. Weaver raised the objection that a valid agreement to arbitrate did not exist during arbitration proceedings and his objection had been rejected, a basis would have been provided under 9 U.S.C. § 10 for filing a motion to vacate the award. See Morrison v. Amway Corporation, 517 F.3d 248, 251-252 and 258 (5th Cir.2008) (wherein the parties challenging the arbitration award had asserted that there was no valid agreement to arbitrate in both the federal district court and in the arbitration proceedings at the time arbitration was invoked and later filed a motion with the federal district court to vacate the arbitration award rendered on the same basis. The appellate court later reversed the district court's judgment denying the motion to vacate after concluding that a valid agreement to arbitrate did not exist). Accordingly, we find no error in the judgment confirming the arbitration award herein.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court confirming the arbitration award in favor of FIA Card Services. All costs of this appeal are cast to the appellant, William F. Weaver.
AFFIRMED.
PETTIGREW, J., Dissents and Assigns Reasons.
PETTIGREW, J., dissenting.
I must respectfully dissent. After reviewing the record in this proceeding, I find no evidence of a signed or initialed loan application, credit agreement, or arbitration agreement by William F. Weaver. *954 I would follow the reasoning of Chase Bank USA, N.A. v. Leggio, 43,751, pp. 4-5 (La.App. 2 Cir. 12/3/08), 999 So.2d 155, 158; Chase Bank USA, N.A. v. Leggio, 43,567, pp. 2-3 (La.App. 2 Cir. 11/19/08), 997 So.2d 887, 889; and NCO Portfolio Management, Inc. v. Gougisha, 07-604, p. 7 (La.App. 5 Cir. 4/29/08), 985 So.2d 731, 734 (on rehearing), writ denied, 08-1146 (La.9/26/08), 992 So.2d 986.
NOTES
[1] In the original petition to confirm the arbitration award, FIA Card Services stated that it "elects to proceed by ordinary process, reserving all right to summary proceedings as authorized by [La.] R.S. 9:4209."
[2] Specifically, 9 U.S.C. § 12 states that notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.
[3] The cited cases rely on MCI Telecommunications Corp. v. Exalon Industries, Inc., 138 F.3d 426 (1st Cir.1998) to support the legal conclusions reached in the opinions.
[4] Notably, according to the notice sent to Mr. Weaver, he had the option of requesting a "document hearing" or a "participatory hearing" and could further request that the hearing be conducted "on-line or by telephone." Although the notice provided that "an In-person Participatory Hearing" would be held in the federal judicial district where Mr. Weaver resided or did business, unless he agreed "otherwise," according to the arbitration provision contained in the credit agreement, such a hearing was designated to "take place within the federal judicial district that includes [Mr. Weaver's] billing address at the time the Claim is filed." Mr. Weaver's billing address for FIA Card Services was in Baton Rouge, Louisiana; however, in an affidavit that he submitted to the district court at the confirmation hearing, Mr. Weaver stated that he had resided in Clearfield, Pennsylvania since 1988, but had used his father's Baton Rouge, Louisiana address as a mailing address for some of his bills at "certain times."
[5] Section 11 provides the grounds for seeking modification or correction of an arbitration award.